HAESCIG v. BROWN.

## Frederick Haescig v. John W. Brown.

*Mortgages: Delivery of securities: Assignment without delivery: Payment.*
A mortgagee having turned over to his wife a mortgage and note in satisfaction of claims held by her against him, and having afterwards formally assigned the same, without delivery, to a third person, the mortgagor having made payment to the wife and taken up the mortgage, was granted an injunction restraining such subsequent assignee from proceeding to foreclose the mortgage.

*Mortgages: Bona fide purchaser: Possession of securities: Notice.* One who buys securities which are not delivered to him, making only a nominal payment prior to his receiving notice of another's interest therein, is not entitled to protection as a *bona fide* purchaser.

*Payment to one holding the securities: Taking bond of indemnity.* The fact that the mortgagor, on making payment to the wife, demanded and received indemnity against loss thereby, knowing that another made claims to the mortgage, is not a suspicious circumstance, nor is it conclusive evidence of a want of confidence in the validity of the claim set up by the wife.

*Submitted on briefs June 20. Decided October 10.*

Appeal in Chancery from Kalamazoo Circuit.

*Mason & Melendy,* for complainant, to the point that the delivery of the note and mortgage by Tripp to his wife, under the circumstances, constituted an equitable assignment thereof to her, the note being payable to bearer and passing by mere delivery, and the mortgage being only an incident to the debt and passing with it, cited: *3 Mich.*, *587; 13 Mich.*, *396; Green v. Hart, 1 Johns.*, *580; Walk. Ch.*, *251; Ibid.*, *478; 6 Mich.*, *70;* that defendant has not shown himself a *bona fide* purchaser, never having seen the securities, and that the failure of his vendor to deliver them to him was sufficient to put him upon inquiry: *Kellogg v. Smith, 26 N. Y.*, *18;* that as between the two claimants, the complainant was protected in paying his money to the holder of the securities: *Bachellor v. Priest, 12 Pick.*, *399; Little v. O'Brien, 9 Mass.*, *423; Manran v. Lamb, 7 Cowen, 74; Comp. L.*, § *4235; Blackwood v. Brown, 32 Mich.*, *104; Draper v. Fletcher, 26 Mich.*, *154.*

*Severens, Boudeman & Turner*, for defendant, argued that complainant had full knowledge, when he made payment to Mrs. Tripp, of the dispute between her and defendant as to the ownership of the mortgage, and that he therefore paid her at his peril; and that the fact that he has taken and holds a bond of indemnity to save him harmless for payments he has made, indicates a want of confidence in the validity of Mrs. Tripp's title; that the claim that Mrs. Tripp had control of the mortgage, or that it passed to her in any way prior to September, 1866, is not supported by the proofs, and that in July, 1866, the defendant purchased the mortgage in good faith; that granting that Tripp consented to his wife's taking the note and mortgage in September, nevertheless defendant, having become a purchaser for value in July, has the better claim as being first in time: *Broom's Legal Maxims*, *260 et seq.; Adams Eq., 45; Halbert v. Cook, 7 Mon., 438; McDonald v. Kneeland, 5 Minn., 352; Muir v. Schenck, 3 Hill, 228; Bush v. Lathrop, 22 N. Y., 579;* that if Tripp consented to his wife's taking the mortgage, it was as a mere gift, and she having paid no value, acquired no title thereby as against defendant, who was a purchaser for value and the legal and equitable owner.

MARSTON, J:

Complainant filed his bill to enjoin defendant from foreclosing a certain mortgage executed by complainant to secure the payment of a promissory note dated December 13, 1865, payable to James Tripp or bearer, and which he alleged had been paid by him to Rose Ann Tripp, the owner and assignee of the note and mortgage.

There are no questions of any importance whatever, except to the parties interested, raised in this case, and no lengthy discussion can therefore be indulged in.

It appears that James Tripp conveyed to Haescig the

mortgaged lands, and that the note and mortgage in question were given for a part of the purchase money.

It is claimed on the part of complainant that Rose A. Tripp, who was the wife of James Tripp, had some equitable interest beyond her homestead and dower rights in a part of the property conveyed to Haescig, and that she refused to sign the conveyance until after her husband had agreed that she should have this note and mortgage as her share; that James Tripp upon receiving the note delivered it to her, and that she retained possession thereof in accordance with such understanding. Also that in the fall of 1866 Tripp and wife separated, and that it was then agreed that Mrs. Tripp should have half the property, and that as a portion of her half she should retain this note; that she then had the note and mortgage in her possession, and handed them, in the presence of her husband, to her brother to collect and retain the money for her.

Defendant claimed that in July, 1866, he agreed to purchase this note and mortgage from James Tripp; that he then paid fifty dollars, and afterwards in September paid four hundred and fifty dollars more and gave his notes for the balance; that a written assignment of the note and mortgage was then made by James Tripp to him, and that in December following he notified Haescig of such assignment.

We are satisfied that complainant's claim is correct. Mrs. Tripp and her brother are both quite clear and positive that Mrs. Tripp should have this note. In this respect their testimony was uncontradicted. James Tripp was not sworn as a witness in the case. Defendant's evidence touching his purchase is far from being satisfactory. He made his bargain with Mr. Tripp in July, and then paid fifty dollars. He claims to have had no knowledge at this time that Mrs. Tripp made any claim to the note or mortgage, and he says that some time afterwards he learned that another person claimed an interest in them. Although the evidence is not clear, the fair inference is, that he ob-

tained this information prior to making his payment of four hundred and fifty dollars and giving his note in September following, when the assignment was made. If the fact was that he did not have such notice until after the payment of September, he should have made this clear and apparent in his testimony. The fact that Tripp did not have the note in his possession in July, nor in September, that he did not deliver it to defendant at any time or account for its absence, should have led defendant to be more careful. No reason is given by defendant for his not insisting upon the production and delivery of the note to him.

The fact that complainant at the time he paid this note to Mrs. Tripp insisted upon being indemnified against loss thereby, is not, under the circumstances, suspicious as claimed. He had been notified that defendant claimed to have obtained an assignment of the note and mortgage from James Tripp. Now, although he may have had no doubt whatever but that the person holding possession of the note was the true owner and entitled to receive payment thereof, it was prudence upon his part to obtain, if he could, indemnity against any claim which defendant might set up. The giving of such indemnity by Mrs. Tripp might be considered as showing that in her opinion defendant's claim was worthless, rather than that it was of any value or validity.

The decree must be affirmed, with costs.

The other Justices concurred.