Campbell, J.:
Complainant seeks to foreclose a mortgage made January 15th, 1873, by Hannowald to Irwin and Wildey, to secure a note payable to them or bearer, for three hundred and seventy-six dollars and sixty-six cents, part of the purchase money of certain lands which had before been conveyed to complainant to secure a note held by him against Irwin and Charles R. Brown, who is not made a party to this suit. Complainant claims that the mortgage in controversy was delivered to him by Hannowald, to be held as security for the note against Brown and Irwin, and, though not assigned by Wildey and Irwin, is held in his hands by the delivery to him of the note.
The doctrine is very well settled that an equitable assignee of a debt secured by mortgage, is entitled to have the mortgage follow the debt. If complainant took and held this note, and still holds it as owner, the mortgage follows it.
The bill, however, as well as the testimony and pleadings, shows a somewhat different condition of affairs, and the questions presented require consideration.
The bill avers, and it is not in serious controversy, that Briggs, in June, 1872, transferred to the First National Bank *450 of Paw Paw, of which he was then, hut ceased afterwards to be, cashier, the Brown and Irwin note, which was dated February 26th, 1872, in the sum of two thousand *five hundred dollars, with interest at ten per cent., payable in six months. This note was reduced by various payments, and renewed at various times for the reduced amount by the makers. Afterwards notes were given in lieu of it, for amounts still further reduced, not by Brown and Irwin, but by Irwin and one Herman B. Hulse. Briggs claims to foreclose the mortgage as trustee for the bank, and not on his own behalf.
The foundation for this claim is, that the original note of two thousand five hundred dollars was given by Brown and Irwin for money borrowed to purchase lands, and. that Brown, who held title, conveyed the lands to Briggs by deed, absolute in form, but in fact by way of mortgage; and the Hannowald purchase was of one of these parcels, which Briggs conveyed to Hannowald, taking back a mortgage to Irwin and Wildey. Wildey claims to own an undivided thii’d of the lands, by sale from Brown and Irwin. Brown’s name was left out of the mortgage on some reason arising out of alleged equities between the three co-tenants.
It does not appear that Briggs was to be a trustee of the lands in any other way than any mortgagee whose defeasance is separate fx-om his deed. He had no power to sell, and was only to convey on sales made by Brown and Ix;win. This was no more than releasing parcels from the mortgage as they should be sold.
’ When Briggs tx-ansferred the Brown and Irwin note to the bank, the equitable title to the mortgage passed with it, and left him no interest beyond the naked trust, which was subservient to the debt. If the bank could lawfully take a mortgage under such circumstances, it became mortgagee. If not, then the mortgage ceased to be opex’ative for any purpose, and Briggs was bound to reconvey when required. The Hannowald purchase money and mortgage could only be received by him to apply on the mortgage belonging to the bank. He had no personal concern with it, and no interest in it. There is no proof of any new agreement with the owners of the equity *451 of redemption, and. as the *note given by Hannowald. was payable to bearer, if received by Briggs as security for the original debt, it belonged to the bank, and not to him, if the bank could lawfully hold it, and if not, then it belonged to the owners of the land mortgaged to Briggs.
There is nothing in the bill or in the case tending to show that Briggs-has any right to receive money or to grant acquittances on any of these notes or securities. He is bound to release the securities when paid or otherwise discharged, but the parties concerned in giving and receiving payment are not obliged or authorized to deal with him concerning the debts.
According to the claim of the bill, the bank, and not Briggs, is entitled to receive any money due on both mortgages. It is claimed by the defense that the bank has no title to either, and that the one ceased to be valid when the original note was transferred, and that the other belonged to Wildey and Irwin, by whom Hannowald claims it can be no longer held, because of tender and payment. The alleged equities among the defendants are somewhat complicated, and depend more or less on the rights of Brown, who is not made a party.
It seems extraordinary that the only party entitled to file the bill (if complainant’s theory is correct) is neither complainant nor defendant, and that Brown, whose equities are also material in any view of the case, is not brought in. No one could be protected in paying money to Briggs, and, so far as we can see, no one could be entirely safe in ignoring Brown, without having his rights cut off or litigated. We do not intimate that all of these matters are properly within the scope of one bill. But as these parties have seen fit to frame their issues, they appear to belong to the controversy. Complainant in filing this bill, presents himself as an interloper, who sues for what does not belong to him, and does not even implead the real owner. We cannot properly decide, in a case wherein the bank is not a party, whether the corporation does or does not own the ^mortgage security. When it seeks to enforce its rights under the mortgage, if it should attempt to do so, that question will become pertinent. But complainant cannot interfere in the matter.
*452 The bill was properly dismissed, and the decree must be affirmed, with costs.
The other justices concurred.