HELEN FLETCHER v. AMOS E. CARPENTER ET AL.

*Assignment—Non-delivery of Securities—Estoppel by Delay—Fore-
closure.*

An assignment of a mortgage does not transfer undelivered collateral securities unless the parties so intend and a consideration is paid.

Non-delivery of the securities with the assignment of a mortgage should put a purchaser upon inquiry as to whether the nominal assignee holds the evidences of title, before he deals with him as owner.

A mortgagee delayed foreclosure four years after an assignment of the mortgage had been obtained and after the assignee had discharged the mortgage upon a small payment by the then owner of the equity of redemption. But the assignee had paid no consideration for the assignment and had not received the collateral securities, and as their non-delivery should have put the owner of the equity upon inquiry as to whether he was dealing with the actual owner of the mortgage, it was held that he had not acquired any rights in good faith, and that the mortgagee was not estopped from foreclosing by the delay.

Appeal from Ingham. Submitted Oct. 3. Decided Oct. 23.

FORECLOSURE.    The facts are in the opinion.

*A. E. Cowles* for complainant and appellee. An assignment of a mortgage without an assignment of the debt secured by it conveys no interest in the debt or mortgage; the principal does not pass by the grant of the incident. Broome's Legal Maxims, 491; *Bailey v. Gould,* Walk. Ch., 478; *Cooper v. Newland,* 17 Abb., Pr., 342; *White v. Sutherland,* 64 Ill., 181; *Jackson v. Bronson,* 19 Johns., 325; *Wilson v. Troup,* 2 Cow., 231; *Jackson v. Blodget,* 5 Cow., 203; *Merritt v. Bartholick,* 36 N. Y., 44; *Green v. Hart,* 1 Johns., 580; *Aymar v. Bill,* 5 Johns. Ch., 570; *Langdon v. Buel,* 9 Wend., 80; *Smith v. Smith,* 15 N. H., 55; *Weeks v. Eaton,* Id., 145; *Bell v. Morse,* 6 N. H., 210; *Furbush v. Goodwin,* 5 Fost., 450; *Carter v. Bennett,* 4 Fla., 283; *Webb v. Flanders,* 32 Me., 175; *Johnson v. Cornett,* 29 Ind., 59. When the first assignment of a mortgage is void, subsequent assignees take no better title than the first assignee. *Marvin v. Inglis,* 39 How. Pr., 329.

*M. V. & R. A. Montgomery* (on brief) for defendants. and appellants.

COOLEY, C. J. The bill was filed in the court below to foreclose a mortgage given by the defendant Carpenter to complainant, and to set aside an assignment thereof by complainant to Henry S. Holcomb, on the ground that the same was obtained by fraud. Henry O. Smith having become the owner of the equity of redemption, obtained from Holcomb a discharge of the mortgage, and it is in his behalf that the defense has been made.

Respecting the assignment the allegation of the complainant is, that while on her way to the Territory of Montana. in company with Holcomb, they stopped at Burlington, Iowa, where they awaited the arrival of her husband who started later, and that while there and while she was in feeble health, Holcomb procured from her the assignment, on the pretense that it was necessary to protect her interest. in the mortgage, and without any payment. Holcomb on the other hand claims to have bought the mortgage, paying at the time to complainant $400, and arranging afterwards.

with complainant's husband for some $300 or $400 more, leaving $400 or $500 of the purchase price still unpaid.

The mortgage was collateral to three promissory notes. These are not mentioned in the assignment, and when that was made were in the hands of complainant's husband. Holcomb never obtained either the notes or the mortgage, though there is evidence that he endeavored to induce Mr. Fletcher to deliver them to him, in order that he, on his return to Michigan, might raise money upon them to send to complainant and her husband, who were for the time to remain in the west.

We are satisfied that complainant's story of the manner in which the assignment was obtained from her is substantially correct, and that Holcomb never bargained for the securities and never made payments on a purchase. The only question that remains is, whether complainant has lost any thing by delay in instituting this suit, and by the subsequent transactions between Holcomb and Smith.

This suit was not instituted until nearly four years after the assignment was obtained. This delay would have been exceedingly suspicious had the securities been delivered over to Holcomb, but under the circumstances it is not so surprising. No estoppel results from it unless Smith has in good faith acquired rights in the meantime. We do not think he has shown that such was the case. He claims to have bargained for the mortgage for the sum of $1,200, —the same amount that Holcomb testifies he agreed to pay more than three years before,—but there is no pretense that he paid more than $50, and any payment must have been made with full knowledge of complainant's claim that she was still the owner. Being aware of this claim we think he was bound to ascertain that Holcomb had possession of the evidences of title; but he seems to have contented himself with an inspection of the assignment and not to have inquired further. Such an assignment, unaccompanied by the securities, would not transfer them, unless it appeared that such was the intent of the parties and that a consideration was paid. The assignment by itself would at best be an equivocal instrument, not indicating very

conclusively that the transfer was intended to be completed by it, and the fact that the securities were never handed over ought to have put a purchaser upon inquiry before he ventured to deal with the nominal assignee as owner. See *Haescig v. Brown*, 34 Mich., 503.

We do not deem it important to examine the evidence in detail, and we content ourselves with giving our conclusions. Neither do we consider in this opinion some technical objections made to complainant's case, and which we think not well founded.

The decree of the court of chancery is correct, and will be affirmed with costs.

The other Justices concurred.