FULLER, WILLIAMS & Co. v. LAMAR.

| 53 | 477 |
| 113 | 282 |

1. **Evidence**: PAROL: TO SHOW FRAUD IN WRITTEN INSTRUMENT: In an action against a grantee of land to enforce payment of a debt of his grantor, secured by mortgage upon the land, which by the terms of his deed he assumed, it was held that parol evidence was admissible to prove that the clause of the deed assuming such debt was inserted by fraud and without the consent of the defendant, although his grantor was not a party to the action and the correction of the deed was not asked.

*Appeal from Buena Vista District Court.*

FRIDAY, APRIL 23.

PRIOR to the 23d day of April, 1874, Lars P. Olkjer had a contract in writing with Warrick Price, for the purchase of the S. E. $\frac{1}{4}$ sec. 13, tp. 90, range 35, and had paid part of the purchase price. On the 23d day of April, 1874, Lars P. Olkjer executed his promissory note to the plaintiffs, Fuller, Williams & Co., for $240, and to secure the same executed a mortgage upon the land above described. On the 1st day of July, 1875, Lars P. Olkjer executed to Warrick Price his promissory notes for the purchase price of said land, and secured them by a mortgage thereon. In September, 1876, the defendant Charles H. Lamar purchased from Warrick Price the said notes and mortgage, and procured an assignment thereof. Afterward Charles H. Lamar purchased the land of Lars P. Olkjer, for the consideration of one hundred dollars, and procured a deed therefor. The deed bears date February 20, 1877, and contains the following provisions:

"This deed is made subject to a certain mortgage dated June 16, 1875, in the amount of eleven hundred and twenty-eight dollars, in favor of Warrick Price. Also a mortgage in favor of Fuller & Williams, Madison, Wisconsin, dated April 23, 1874, in the amount of two hundred and forty dollars. Also subject to taxes of 1875 and 1876, *which the party of*

*the second part assumes and agrees to pay*  *  *  *  *.
And we do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever, except as above mentioned."

The plaintiffs bring this action for a foreclosure of the mortgage, and for a personal judgment against Charles H. Lamar, for the amount of the note.   The defendant for answer alleges that the mortgage to Warrick Price, given to secure the purchase money and continue the vendor's lien, is senior to and entitled to precedence over the mortgage to plaintiffs; that he purchased the land from Olkjer merely to avoid the expense and necessity of foreclosing the mortgage, and with no intention of merging the mortgage in the legal title; that he never assumed nor agreed to pay the note sued upon, and that the portion of the deed indicated in italics was inserted without his knowledge or consent, after he had returned the deed to Olkjer for correction in other respects, and that he did not notice it until this suit was commenced, and that as soon as he observed it he returned the deed to Olkjer. The defendant asks that the mortgage to Price be declared senior and superior to the mortgage to plaintiffs, and that he have judgment for costs.   The court found and rendered judgment for the defendant as prayed.   The plaintiffs appeal.

*Charles D. Goldsmith* and *J. D. Gurnee,* for appellants.

*Robinson & Milchrist,* for appellee.

Day, J.—I. The principal question in the case is whether the defendant, upon his purchase of the land from Olkjer, agreed to pay the demand in question, and whether the disputed part of the deed was inserted therein pursuant to that agreement.   Upon this question there is a conflict of evidence.   We think, however, that the evidence preponderates in favor of the finding of the court. At the time of the purchase of the land the defendant lived at Darlington, Wisconsin.  The negotiation for the purchase

1. EVIDENCE: parol: to show fraud in written instrument.

was conducted, on behalf of the defendant, by H. H. Gray, residing at the same place. Gray testifies that he made no contract on behalf of the defendant to pay this debt, and that he was not authorized to make such contract. The defendant testifies that he never agreed to pay the debt. H. E. Harris, under the direction of Gray, prepared the deed. He testifies that nothing was at the time inserted in the deed, in regard to Lamar assuming payment of the mortgage, and that there was nothing in the contract not inserted in the deed.

The deed is dated February 20, 1877, and was filed for record April 18, 1877. Some two or three months after the execution of the deed it was sent to the defendant. He discovered some errors in the deed, and sent it to Harris for correction. Respecting the corrections Harris testifies as follows: "At the time the deed was made and acknowledged there were some errors in it; and after the deed was made and acknowledged and sent up to be recorded, it was kept there some time. It was sent from there direct to Mr. Lamar, to Darlington, Wisconsin. Then, after that, Mr. Gray brought the deed back for correction. I think there was one error that Mr. Lamar did not state in it. That was the party to whom he made this deed. I think that was left out. That was put in and the other corrections were made, the party to whom Mr. Olkjer made it. The name of the grantee was left out, and to whom this mortgage was given was also left out. * * * * * * * ." The evidence shows conclusively that the disputed portion of the deed is in the handwriting of Wm. Wart. Wart testifies that during the spring or summer of 1877, after the deed had been sent back from Wisconsin, "Mr. Olkjer brought the deed from him to Mr. Lamar to me, and at his request I made some alterations in it. He asked me, as the deed stood at the time, if it would hold Mr. Lamar to the payment of the notes and mortgage. I told him I didn't think it would. Then he asked me if I could write something that would, and I told him I thought I could, and I did it. 'Which the party of the second part

assumes and agrees to pay,' I suppose is what I wrote." Olkjer testifies that his contract with Mr. Gray was that both of the mortgages upon the land were to be paid by the purchaser, and also that the clause assuming payment of the mortgages was in the deed when it was first delivered to Gray. But in our opinion the preponderance of the evidence is against this testimony. The fact that the clause in question was inserted in the deed by Wart, and not by Harris, the person deputed to draw and procure the deed, and who, it may be supposed, was advised of the real contract between the parties, is a very strong circumstance against the claim that this agreement was embraced in the original contract. It appears from the testimony that as soon as Lamar discovered this provision in the deed he returned it to Olkjer, and that he has not had it in his possession since.

II.   It is claimed by the appellants that the deed cannot be contradicted in this action by parol. Parol evidence is admissible to show fraud or mistake in a written instrument.

III.   It is claimed, further, that the defense here insisted upon cannot be made available until the deed is corrected, and that to that end Olkjer is a necesary party. We think, however, that in this action the defendant may show that the clause in question was inserted fraudulently and without his consent. It is true the determination will not be binding as against Olkjer. This might be a reason why Lamar should be allowed to make Olkjer a party defendant, and have a final adjudication in the matter. But, if he is willing to waive the benefits of the judgment as against Olkjer, it is a matter of which the plaintiff cannot complain.

IV.   The evidence shows that when the mortgage in question was executed to the plaintiffs Olkjer showed them his contract with Price, and advised them that the purchase price of the land was unpaid. The plaintiff's mortgage is, therefore, junior and inferior to the mortgage subsequently executed to Price to secure the purchase money. It appears from the evidence that Lamar purchased from Olkjer to avoid the

expense and necessity of foreclosing the mortgage, and without any intention to merge the mortgage in the legal title. It was clearly to the interest of Lamar that such merger should not occur, as the plaintiffs' mortgage would thereby become a first lien upon the land. Under the circumstances disclosed, the mortgage did not merge in the legal title. *Linscott v. Lamart*, 46 Iowa, 312, and cases cited; *Delaware Railroad Construction Company v. The Davenport & St. Paul Railroad Company*, Id. (406), 412.

In our opinion the judgment of the court below is correct.

AFFIRMED.