BENJAMIN F. INGALLS v. THOMAS D. BOND ET AL.

*Mortgage—Payment to mortgagee without notice of unrecorded assignment.*

The payment of a mortgage by the mortgagor to the mortgagee, without notice of an *unrecorded* assignment, defeats the claim of the assignee, and entitles the mortgagor to its cancellation and discharge. How. Stat. § 5687; *Goodale v. Patterson*, 51 Mich. 535.

Appeal from Emmet. (Ramsdell, J.) Argued April 29, 1887. Decided June 16, 1887.

Bill to enjoin mortgage foreclosure. Decree for complainant affirmed. The facts are stated in the opinion.

*Dart & Call*, for complainant.

*Charles Quarles* (*Jay L. Newberry*, of counsel), for defendants Thomas D. and Elvira A. Bond.

MORSE, J. On the thirtieth of June, 1873, the complainant and the defendant Thomas D. Bond entered into a copartnership, under the name of Bond & Ingalls, at Petoskey (then known as Bear River), in Emmet county, in this State. Ingalls lived at Petoskey, and Bond at Kenosha, Wisconsin.

On the first day of May, 1875, and during the continuance of the partnership, for the purpose of raising money to be used in their business, Ingalls executed and delivered his promissory note for $1,500 to Bond, and secured the same by a mortgage to him of the same date upon the undivided half of certain lands in Emmet county, which were then owned equally in common by said Bond and Ingalls. It was agreed between them that Bond should procure the $1,500 for the use of the firm by pledging lands that he owned in Wiscon-

sin, and hold this note and mortgage, executed by Ingalls, as security for the payment of said loan by the firm.. Upon the delivery of the note and mortgage, he gave Ingalls a receipt for the same, in which he stated that the same were made for the benefit of the firm, and to be taken care of by the partnership.

April 13, 1882, the defendant Elvira A. Bond, the wife of Thomas D. Bond, commenced a foreclosure of said mortgage by advertisement, under the statute, claiming to hold the same by an assignment dated July 12, 1875, but not recorded until February 23, 1882. By virtue of such foreclosure proceeding, the premises were sold by the sheriff, July 25, 1882, to the said Elvira A. Bond, and he executed the usual deed, which was duly recorded. Afterwards Elvira assigned her interest in said deed to the defendants Daniel Head and Franklin H. Head.

Before said sheriff's deed became absolute under the statute, the complainant filed his bill in this cause to set aside the foreclosure, and to enjoin the delivery of the deed thereon, and praying that said mortgage might be canceled and discharged, and said deed declared null and void and canceled and destroyed. The defendant Quinlan is the register of deeds of Emmet county, and it is prayed that he be enjoined from the delivery of such deed. Upon the hearing in the court below upon pleadings and proofs, the relief asked by complainant was granted.

The complainant claimed that he and Thomas D. Bond settled their partnership matters in December, 1876, and that in such settlement he paid his share of said mortgage, and Bond gave him a writing to that effect, agreeing therein to discharge said mortgage, and return the same with the note to him. . Bond at the time stated that he did not have the note and mortgage with him, nor time to go over to Harbor Springs, the county seat, to discharge the latter, but, as soon as he returned to Wisconsin, would send them at once to

Ingalls.   Ingalls had no notice of any assignment or transfer
to Mrs. Bond until foreclosure proceedings were commenced.
Bond denied this settlement, and Mrs. Bond claimed that
she was the owner of the note and mortgage, and paid a val-
uable consideration for the same, without notice of any
equities between her husband and Ingalls.

The proofs are overwhelmingly in favor of complainant.
The testimony of Ingalls is corroborated by an attorney at
law, now residing in Arkansas, who was present at the settle-
ment.   The following document in the handwriting of Bond
is also presented:

"PETOSKEY, December 19, '76

" I hereby agree to take up and discharge a certain mort-
gage made by B. F. Ingalls, May 1, '75, for the sum of fifteen
hundred dollars, and made payable to Thomas D. Bond, or
order, on sec: 6, town 34, range 5 west, in Emmet county,
Michigan, which has been paid by B. F. Ingalls in settlement
with said Bond, and I agree to return said mortgage and
note to said Ingalls.

"THOMAS D. BOND."

The giving of this instrument at the date thereof is
admitted by Bond, and his excuse for it is too lame and
impotent to be regarded, or even mentioned here.   It is plain
that he was paid, and agreed to discharge the mortgage, and
return it, with the note, to complainant.   We are also satis-
fied that Ingalls, at the time he settled and paid the note and
mortgage, had no notice whatever of the assignment of the
same to Mrs. Bond.   We are not disposed, either, to rely
implicitly upon her claim of good faith in this transaction.
The mortgage from Ingalls to Bond was not recorded until
August 18, 1875.   At the time of such record the assign-
ment to her, as appears upon its face, and according to her
testimony, had been in existence over a month, and it is a
little singular that it was not recorded with the mortgage.
It is also suspicious that it was not recorded until February,
1882, and after the note, which became due November 1, 1875,

was outlawed. But, at any rate, the payment to Bond, without notice of the assignment, defeats her claim, and entitles the complainant to a cancellation and discharge of the mortgage. How. Stat. § 5687; *Goodale v. Patterson,* 51 Mich. 532, 535.

The decree of the court below is affirmed, with costs against the appealing defendants, Thomas D. and Elvira A. Bond.

The other Justices concurred.