CHAUNCEY F. COOK v. MARTIN L. FOSTER, JANE FOSTER, AND RACHAEL G. PORTER.

*Mortgage—Merger—Recording laws—Foreclosure—Notice of sale—*
*Deed.*

1. There can be no merger where the transaction is tainted with fraud on the part of the mortgagor and grantor, and the mortgagee and grantee has acted in good faith; citing *Bank v. Webb*, 56 Mich. 383.

   So *held*, where a mortgagor accepted a proposition from a second mortgagee to take a deed of the land, and purchase the first mortgage, and give the mortgagor the privilege of selling the land, and making all he could in excess of the mortgagee's claim, after which he executed and recorded a deed of the land to the mortgagee, in which he fraudulently inserted a clause by which the mortgagee assumed and agreed to pay the first mortgage, and also a third mortgage recorded the same day, and just prior to the recording of the deed, and of which the mortgagee had no knowledge, which deed was repudiated by the mortgagee as soon as she was informed of its contents, there having been no manual delivery of the deed, or change of possession of the land, or surrender of the mortgage and note, or discharge of the mortgage.

2. Purchasers, intervening mortgagees, and their assignees are not justified in relying upon the record of a deed of the mortgaged premises from the mortgagor to the mortgagee, as showing merger, where the mortgage has not been discharged of record, such fact being sufficient to put them upon inquiry.[1]

---

[1] See *Pritchard v. Kalamazoo College*, 82 Mich. 587.

3. The notice of sale on the statutory foreclosure of a mortgage need not be dated, and, if not dated, it will date from its first publication.

4. The statutory foreclosure of a mortgage will not be voided by including in the amount claimed to be due at the date of the notice of sale an installment maturing the following day, in the absence of evidence showing bad faith on the part of the mortgagee or actual injury to the mortgagor.

5. The execution of a deed on the statutory foreclosure of a mortgage by the under-sheriff, who made the sale, can be acknowledged before the sheriff, who is a notary public.

Appeal from Hillsdale. (Lane, J.) Argued June 28, 1893. Decided July 26, 1893.

Bill to set aside a sheriff's deed on foreclosure, and to foreclose a mortgage. Decree dismissing bill affirmed. The facts are stated in the opinion.

*James S. Galloway,* for complainant.

*F. A. Lyon* and *A. B. St. John,* for defendant Porter.

GRANT, J. Defendant Martin L. Foster was the owner of the land in controversy. At the date of his purchase it was subject to a mortgage of $600, dated October 15, 1881. Foster and his wife, who was the daughter of defendant Porter, executed to Mrs. Porter a mortgage for $1,419, October 6, 1883. September 12, 1884, they executed a third mortgage, for the sum of $700, to one Huff. October 11, 1886, the Huff mortgage was discharged. On the same day another mortgage was executed by Foster and his wife to one Knowles, for $761.25. The consideration for this mortgage was the payment of the Huff mortgage, and a small amount which Foster owed Knowles. This mortgage, while dated and acknowledged October 9, was not, in fact, executed until the 11th. On October 11, Foster and his wife executed a warranty deed to Mrs. Porter, the expressed consideration in which was $3,000. It was made subject

to the mortgage for $600, and also to the Knowles mortgage, and contained the statement that the grantee, Mrs. Porter, assumed and agreed to pay these mortgages. This deed and the Knowles mortgage were both recorded October 11, the former at 2:45 P. M., and the latter at 2:35 P. M.

A short time previous to the execution of this deed, Foster applied to Mrs. Porter for a further loan of money, which she refused. This request by Foster was for $42, with which to pay interest on the first mortgage. Mrs. Porter testified that she then proposed to him that she would buy the first mortgage if he would give her a deed of the land, and that she would enter into a contract with him, giving him the privilege of selling the farm, and making all he could over and above her claim. Foster, on the contrary, testified that her proposition was to pay the mortgages if he would deed to her, and give him the privilege of selling, and of making all he could over and above the mortgages. Foster finally accepted the proposition, and promised to make out the deed, and Mrs. Porter let him have the $42. Two days afterwards he wrote to Mrs. Porter that he had paid the $42 on the mortgage, and would make out the deed the next day. The deed was executed, and left by Foster with the register of deeds for record. Foster testified that he directed the register of deeds to send the deed by mail to Mrs. Porter. This, evidently, was not done, and when, some months afterwards, Mrs. Porter's husband went to the register of deeds, with Foster, to see about the matter, Foster produced the deed from his pocket, and handed it to Mr. Porter. Until this time, neither Mrs. Porter nor her husband had any knowledge of the contents of the deed, and all they knew about it was what Foster had told them. Mr. Porter was present at the conversation between his wife and Foster in regard to the deed. On receiving the deed from Foster, he immediately read it, and returned it to him, stating that it was not such a deed as was

agreed upon. He reported the fact to his wife, who there-upon repudiated the deed, and commenced a foreclosure of her mortgage by advertisement. The land was sold, bid in by Mrs. Porter, and a sheriff's deed executed to her. Mr. Porter, at the request of his wife, purchased the first mortgage. Mrs. Porter testified that she knew nothing about the Huff mortgage. Foster did not inform her that he intended to execute a new mortgage to Knowles, and make the deed subject to that. Foster remained in pos-session of the farm. Mrs. Porter's mortgage was not discharged, nor was it or the note surrendered or canceled.

Complainant purchased the Knowles mortgage in reliance upon the record, and in the belief that Mrs. Porter's mortgage was merged in the deed to her. Upon learning of the foreclosure proceedings, he filed the bill in this cause to set aside the sheriff's deed to defendant Porter, and to foreclose his mortgage. The court below entered a decree dismissing the bill.

1. The court below found that the deed from Foster to Mrs. Porter was fraudulent and void. The testimony was taken in open court, where the circuit judge had the opportunity to see the witnesses. It is conflicting, but we think that the conclusion of the learned circuit judge is fully justified by the evidence. It follows, therefore, that Mrs. Porter was justified, as against Foster, in repudiating the deed, and in foreclosing her mortgage. There can be no merger where the transaction is tainted with fraud on the part of the mortgagor and grantor, and where the mortgagee and grantee has acted in good faith. *Ann Arbor Savings Bank v. Webb*, 56 Mich. 383.

It is the well-established rule, in determining the ques-tion of merger, that the intent is the controlling considera-tion. If it be for the interest of him in whom the estates are united to keep the mortgage alive, the law will not imply an intent to merge. 4 Kent, Comm. 103; 15 Amer.

& Eng. Enc. Law, 324-327; *Stantons v. Thompson*, 49 N. H. 272; *Campbell v. Carter*, 14 Ill. 286; *Ann Arbor Savings Bank v. Webb*, *supra*. Where mortgaged premises were conveyed by a mortgagor to a mortgagee in satisfaction of the mortgage, and for the purpose of avoiding the expense of a foreclosure, and the notes and mortgage were surrendered, the conveyance was held not to operate a merger, where there was an intervening mortgage, of which the grantee was ignorant. *Brooks v. Rice*, 56 Cal. 428. See, also, *Fuller v. Lamar*, 53 Iowa, 477 (5 N. W. Rep. 606); *Richardson v. Hockenhull*, 85 Ill. 124.

In the well-considered case of *Stantons v. Thompson*, *supra*, after citing and commenting upon the authorities, the court say:

"We think it may be deduced from the authorities quoted that, when the estates of the mortgagee and mortgagor are united in the former, he has, in equity, an election to keep the mortgage title on foot, and that wherever it is for his interest, by reason of some intervening title or other cause, that the mortgage should be upheld as a source of title, it will not, at law, be regarded as merged."

It was well said in *Ann Arbor Savings Bank v. Webb*, *supra:*

"Few persons, unlearned in the law, are acquainted with the doctrine or effect of merger."

In the present case there was no change of possession of the mortgaged premises, no actual delivery of the deed, no knowledge of the intervening mortgage, no surrender of the mortgage or note, and there was a prompt repudiation of the fraudulent deed. Under these facts, it cannot be held that a merger was intended.

*Campbell v. Carter*, 14 Ill. 286, relied upon by complainant's counsel, does not support his contention. In that case the mortgagee had recovered judgment on both the notes and mortgage, and was endeavoring to enforce

satisfaction. The mortgage was not signed by the wife. The mortgagor proposed an absolute conveyance, with covenants of warranty and the release of dower, in satisfaction and discharge of the debt. The proposition was accepted, the deed executed, the judgment satisfied, and the mortgage discharged, and all evidence of indebtedness was canceled. The court held that there was no doubt as to the real intention of the mortgagee. The distinction between that case and the present one is apparent.

2. The logical result of this rule is that purchasers, intervening mortgagees, and their assignees are not justified in relying upon the record of the deed in the office of the register of deeds as showing merger, because this question of fact cannot be determined from the record of the deed alone. 1 Jones, Mortg. §§ 474, 872, and authorities there cited. The rule is founded in good sense. When mortgages are paid, it is common to discharge them of record. Had the mortgage in question been discharged of record, there would be much force in the contention that complainant had a right to rely upon the record, and that Mrs. Porter would thereby be estopped to deny the merger. But the mortgage was not discharged, and this was sufficient to put the complainant upon inquiry. *Aiken v. Railway Co.*, 37 Wis. 469.

3. It is contended that the foreclosure sale is void because—

1. The notice of foreclosure sale included more than was due at the date of the notice.
2. The execution of the sheriff's deed was not properly acknowledged.

The notice of sale was dated October 8, and included a sum which became due on the 9th. The notice was not published until the 18th, and the publication was continued for the proper time thereafter. The statute requires that the notice shall state the amount claimed to be due

thereon at the date of the notice. How. Stat. § 8500. It is not necessary that the notice be dated, in which case the time of the first publication will be taken as the date. 2 Jones, Mortg. § 1854; *Reading v. Waterman,* 46 Mich. 107, 111. But there is no evidence that the defendant Porter acted in bad faith in including the sum of $300 more than was actually due at the date of the notice, nor that any one was misled thereby. It is said in Jones on Mortgages (vol. 2, § 1855):

" The fact that the notice states a larger sum to be due than is actually due does not affect the validity of the sale, if no actual injury or fraudulent purpose is shown."

This rule is sustained by the following authorities: *Hamilton v. Lubukee,* 51 Ill. 415; *Klock v. Cronkhite,* 1 Hill, 107; *White v. McClellan,* 62 Md. 347; *Ramsey v. Merriam,* 6 Minn. 168.

The deed was executed by the under-sheriff, and the acknowledgment was taken by one Myron G. Wood, a notary public. Mr. Wood was at that time sheriff of the county. The statute provides that such sale shall be made by the person appointed for that purpose in the mortgage, or by the sheriff, under-sheriff, or deputy-sheriff of the county, and the deed executed by the officer or person making the sale. How. Stat. §§ 8501, 8505. Mr. Wood, in taking the acknowledgment, did not act as sheriff, but as a notary public. We think the acknowledgment valid.

Decree affirmed, with costs.

HOOKER, C. J., McGRATH and MONTGOMERY, JJ., concurred. LONG, J., did not sit.