BABCOCK *v.* YOUNG.[1]

1. MORTGAGES—SECURITY FOR NEGOTIABLE PAPER.
   Where a negotiable note is given, and a mortgage taken as security therefor, the note is the evidence, and the mortgage only an incident, of the debt; the mortgage becoming, without written assignment, the property of any person into whose hands the note lawfully comes.

2. RECORDING LAWS — ASSIGNMENT OF MORTGAGE — BONA FIDE PURCHASER—NOTICE.
   A purchaser of land against which an uncanceled mortgage stands of record, who contents himself with the assurance of his grantor, the mortgagor, that the same has been paid,

---

[1] Rehearing denied June 28, 1898.

without inquiring further as to the whereabouts of the mortgage and the note which it secured, cannot thereafter .protect himself against a prior unrecorded assignment of the mortgage by procuring from the assignor a discharge of the same and placing it of record.

Appeal from Ionia; Daboll, J., presiding. Submitted February 3, 1898. Decided May 18, 1898.

Bill by Burton Babcock against Joseph Young, Ellen Young, John Burke, and Charles Green to foreclose a mortgage. From a decree dismissing the bill, complainant appeals. Reversed.

*V. H. & H. H. Smith* (*Allen B. Morse*, of counsel), for complainant.

*Chaddock & Scully*, for defendants.

LONG, J. This bill was filed to foreclose a certain mortgage of $300 given November 25, 1882, to John Townsend, and signed by Joseph Young and his wife, Ellen Young. The mortgage was accompanied by a note of even date for like amount, signed by Joseph Young, and due one year from date, with interest at 8 per cent. The mortgage covered lot No. 3, in Hall's addition to the city of Ionia. The other parties are made defendants as subsequent purchasers or incumbrancers.

It appears that on January 3, 1884, John Townsend assigned this mortgage to the complainant, Burton Babcock, for the consideration of $326.59. The assignment was in writing, but was not recorded until March 28, 1895. The note, mortgage, and assignment were delivered to complainant, who has ever since that time had them in his possession. It appears, further, that on July 31, 1889, Joseph Young made a contract in writing to sell these premises to John Burke, who paid him $12 per month thereon, the full purchase price being $775. On June 21, 1894, there remaining unpaid on the contract $300, and Burke having arranged with Rudolph Seig to

secure the money from him by giving him back a mortgage for that amount, Seig, Burke, and Young went to the register's office, where the Townsend mortgage was discovered of record and not discharged. Notwithstanding this fact, Seig furnished the money to Burke, who, upon the assurance of Young that the Townsend mortgage had been paid, paid the money over to Young, taking a receipt therefor. Burke had not examined the record before this. June 27th following, Young and wife conveyed the premises by deed of warranty to Burke, and on the 30th of that month a discharge of the Townsend mortgage was duly executed by Townsend, who was out of the State, and sent to the register of deeds of Ionia county. That discharge was recorded October 5, 1894. Nothing was paid to Townsend for this discharge. The deed of Young to Burke was placed on record July 23d preceding. The Seig mortgage was afterwards paid by Burke. March 28, 1895, the complainant recorded his assignment of the Townsend mortgage.

It is not contended that the Townsend mortgage was ever paid, and there is no dispute as to the fraud of Young, who knew that the mortgage was unpaid. It appears that no inquiry was made by Burke of any one as to the possession of the Townsend note and mortgage, and that no arrangement was made that the money should be refunded by Young if it were found that the Townsend mortgage was a valid lien; but Burke took the word of Young and a brother of Townsend, the mortgagee, that the mortgage had been so paid. The case cannot be likened to one where the party making the purchase relies upon a discharge of the mortgage by the mortgagee before the money is paid. Under the circumstances stated, the record of the mortgage was notice to Burke and to Seig that the mortgage was a lien upon the premises, and they were put upon inquiry as to its ownership, and the discharge then procured from the mortgagee, without further inquiry, would be no protection to them as against the actual owner and holder of the note and mortgage. The taking of a

conveyance with knowledge of a prior right makes a person a *mala fide* purchaser. In *Roberts* v. *Halstead*, 9 Pa. St. 32 (49 Am. Dec. 541), it appeared that the *terre tenants* purchased the land after the registry of the mortgage, and before satisfaction entered. In considering that case, Bell, J., said:

"Had there been a *bona fide* purchaser of the mortgaged premises after the entry of the satisfaction and without notice of the outstanding notes, or, as was the case in *Brown* v. *Simpson*, 2 Watts, 233, were the attending circumstances such as to lead nobody to lean to the conclusion that the mortgage moneys had not been paid, a countervailing equity would have sprung up for the protection of the innocent purchaser."

In *Indiana State Bank* v. *Anderson*, 14 Iowa, 554 (83 Am. Dec. 390), the above case is cited, and that court clearly implies that where lands are purchased after the registry of the mortgage, and before satisfaction is entered, the purchaser cannot be protected as against the owner of the mortgage, though his assignment of it is not recorded.

Mr. Burke had no right to assume that Townsend still held the note and mortgage unless he produced them. He found the mortgage of record, and not discharged, and he was chargeable with notice that the mortgage was a lien in the hands of any person to whom it might have been legally transferred, and the record of the transfer was not necessary to its validity. This question was discussed in *Williams* v. *Keyes*, 90 Mich. 290 (30 Am. St. Rep. 438), and there it was held that where a mortgagee assigned the mortgage and accompanying negotiable note by delivery, and the mortgagor, in ignorance of such assignment, paid the mortgage debt to the administrators of the mortgagee, who did not produce or have in their possession the note or mortgage, the payment was no defense to the foreclosure of the mortgage by the holder of the securities.[1]

Counsel for defendants rely upon *Bacon* v. *Van Schoon-*

---

[1] Apparently overruling *Ingalls* v. *Bond*, 66 Mich. 338.

*hoven*, 87 N. Y. 450.   That case is referred to in *Curtis* v. *Moore*, 152 N. Y. 159 (57 Am. St. Rep. 506), where it was held that the assignee of a recorded mortgage upon real estate, which was conveyed by the mortgagor to the mortgagee after the assignment of the mortgage, has a valid lien as against a purchaser of the land from the mortgagee, who took without notice of the assignment, notwithstanding the conveyance to the mortgagee, as well as the conveyance from the mortgagee to the purchaser, was recorded before the assignment was placed on record.[1]   The court in that case also referred to the case of *Purdy* v. *Huntington*, 42 N. Y. 334 (1 Am. Rep. 532).   It was said in that case:

"The question is then presented whether Huntington can be protected in his title as against the mortgage by reason of the omission to have the assignment thereof recorded.   It is conceded that he is to be charged with constructive notice of the existence of the mortgage, and of the continuance of its lien, by its record in the proper office.   By that he was informed, not only of the date of the mortgage, the amount secured thereby, and of all its particulars, but that it was open and uncanceled of record, and therefore apparently an outstanding lien and incumbrance on the premises of which he was taking title.   Having that information, he knew, or, at least, was chargeable in law with the further notice, that it was such lien and incumbrance in the hands of any person to whom it had been legally transferred, and that the record of such transfer was not necessary to its validity, nor as a protection against a purchaser of the property mortgaged, or any other person than a subsequent purchaser in good faith of the mortgage itself or the bond or debt secured thereby, but, on the contrary, that a vendee of the premises took it subject to the lien of the mortgage, irrespective of the ownership thereof.   That knowledge and notice made it his duty, in the exercise of proper diligence, to inquire whether Mitchell, his vendor, was still the owner and holder of the mortgage, and his omission to make that inquiry deprives him of the protection of a *bona fide* purchaser,"—citing cases in support of this proposition.

---

[1] Upon this question, see, also, cases cited in foot-note to *Wilson* v. *Campbell*, 110 Mich. 589.

The court in that case said that *Bacon* v. *Van Schoon-hoven, supra,* was not in conflict with those cases.

Counsel for defendants, we think, are not supported by any case in the proposition that, under the circumstances here, the defendant Burke is to be regarded as a *bona fide* purchaser, and entitled to be protected by a discharge of the mortgage procured after the purchase money had been paid. It has been held many times in this State that where a negotiable note is given, and a mortgage taken as security therefor, the note is the evidence of the debt, and the mortgage only an incident of the debt; that the mortgage follows the note into the hands of the lawful owner of the note; and that, without any written assignment of the mortgage, the owner of the note is the owner of the mortgage. *Cooper* v. *Ulmann*, Walk. Ch. 251; *Dougherty* v. *Randall*, 3 Mich. 587; *Martin* v. *McReynolds*, 6 Mich. 70; *Briggs* v. *Hannowald*, 35 Mich. 474. It is also held that one paying a mortgage is bound to ascertain who has the note, as he is chargeable with notice that the note may have been transferred and may be the property of another than the mortgagee, although there is no assignment of the mortgage of record. *Fletcher* v. *Carpenter*, 37 Mich. 412; *Haescig* v. *Brown*, 34 Mich. 503; *Lee* v. *Kellogg*, 108 Mich. 535. In the case of *Wilson* v. *Campbell*, 110 Mich. 580, 589 (35 L. R. A. 544), it was said by this court:

"Having constructive knowledge of the existence of this mortgage, Mrs. Nichols was also chargeable in law with the further notice that the mortgage is a lien in the hands of any person to whom it may have been legally transferred, and that the record of such transfer is not necessary to its validity, nor as a protection against a purchaser of the property mortgaged, or any other person than a subsequent purchaser in good faith of the mortgage itself or the note or debt secured by it, but, rather, that one purchasing the premises from the mortgagee would take them subject to the lien of the mortgage, irrespective of the ownership of it, unless the mortgagee was the owner. The knowledge and notice would, in case of a direct purchase from White, have made it her duty, in the exercise

of proper diligence, to inquire whether her vendor, the mortgagee, was still the owner of the mortgage; and her omission to do so would have deprived her of the protection of a *bona fide* purchaser,"—citing 1 Jones, Mortg. § 474; *Purdy* v. *Huntington*, 42 N. Y. 334 (1 Am. Rep. 532); *Burhans* v. *Hutcheson*, 25 Kan. 625 (37 Am. Rep. 274); *Oregon, etc., Investment Co.* v. *Shaw*, 5 Sawy. 336.

In the present case, therefore, if Burke had gone to Townsend, and paid the mortgage to him, he would not have been protected without a surrender of the mortgage and note. As we have seen, he paid the purchase price to Young without any inquiry as to who actually held the note and mortgage, and now seeks to be protected by a discharge from Townsend made after the purchase price had been paid, and upon which discharge he did not rely in paying the purchase money.

The court below was in error in dismissing complainant's bill, and decreeing a discharge of complainant's mortgage. That decree will be reversed, and the case remanded, with direction that the usual decree of foreclosure be there entered in favor of complainant. Complainant will recover costs of both courts.

The other Justices concurred.