FLOWERS *v.* REILLY.[1]

MORTGAGES—ASSIGNMENT—PAYMENT—PURCHASER OF PREMISES.

A purchaser of land at an execution sale was not entitled to relief against a mortgage which was held, at the time of his purchase, under an unrecorded assignment, although he was told by the mortgagee's agent that the mortgage was paid, where he made no inquiry as to the whereabouts of the mortgage and notes, and it appeared from the public records that the mortgage was undischarged, and had been recognized as a subsisting lien in deeds executed subsequent to the time of the alleged payment to the mortgagee.

[1] Rehearing denied July 19, 1901.

Appeal from Wayne; Waite, J.    Submitted October 3, 1900.    Decided January 29, 1901.

Bill by Charles Flowers and John E. Moloney, trustees for Bridget Hill, against Edward F. Reilly, Nicholas Savage, and Matilda Hill, to quiet title.    From a decree dismissing the bill, complainants appeal.    Affirmed.

*Flowers & Moloney,* in pro. per.

*Edward McNamara* ( *Brennan, Donnelly & Van De Mark,* of counsel ), for defendants.

MOORE, J.    The bill in this cause was filed in June, 1899, by the complainants as trustees, and recites that on the 6th day of February, 1896, in the circuit court for the county of Wayne, Bridget Hill recovered a judgment against the defendant Matilda Hill, *alias* Emma Clark, for the sum of $5,063.15; that on the 4th day of April, 1896, under a writ of *fieri facias* issued out of said court, the sheriff of Wayne county levied upon the property described in the bill of complaint, which included the property on the corner of Jefferson avenue and the Boulevard, in the city of Detroit, the subject-matter of this suit, and another piece of property; that at the time of the levy the defendant Matilda Hill was the owner of an undivided one-half interest in this property; that on the 27th day of November, 1896, all proceedings under said execution were stayed on the filing of a bond by the defendant in the sum of $10,000, with Nicholas Savage and Philip Kling as sureties; that subsequently proceedings were had to have the case reviewed in the Supreme Court, which were finally dismissed on the 11th of May, 1897; that afterwards, on the 18th day of December, 1897, the interest of Matilda Hill in the property on Jefferson avenue was sold under execution for the sum of $4,000, and the other property for $1,000; that the said properties were bid in by the complainants as trustees, and that their title to the Jefferson-avenue property has become absolute,

and a sheriff's deed on sale of real estate on execution was issued to them, and duly recorded; that on the 26th day of May, 1890, the defendant Nicholas Savage, who was then the owner of the premises, executed a mortgage to the Peninsular Savings Bank for the sum of $7,500; that on the 24th day of January, 1898, there was recorded in the office of the register of deeds, in Liber 44 of Assignments of Mortgages, page 266, an assignment of said mortgage from the said bank to defendant Reilly, which assignment is dated December 17, 1890; that on the 5th day of March, 1898, the said defendant Reilly instituted proceedings to foreclose said mortgage by advertisement, and on the 2d day of June said premises were sold and bid in by the said Reilly for the amount claimed to be due on the said mortgage, and a sheriff's certificate of sale given to him, which was recorded in the office of the register of deeds for Wayne county on the 9th day of June, 1898, and which ripened into an absolute title on the 9th day of June, 1899.

The bill further recites that shortly before purchasing the said property, on the 18th day of December, 1897, one of the complainants made inquiry of the Peninsular Savings Bank of the city of Detroit, the record owner of said mortgage, and was informed by the acting cashier of said bank that said mortgage was fully paid and satisfied; that, relying upon this information, they bid in the said property for the sum of $4,000, and satisfied the execution to that extent, and, upon the payment to them of the sum of $1,700, released the other piece of property levied upon, and released and canceled the bond given to stay execution in said cause.

Complainants further charge collusion, fraud, and conspiracy between the defendants, Reilly, Savage, and Matilda Hill, and allege that the mortgage has been fully paid, and should be canceled; and the bill prays that the complainants may be decreed to be absolute owners of an undivided one-half interest in the Jefferson-avenue property, free and clear from all liens of said Reilly arising out

of the mortgage to the Peninsular Savings Bank. The answers deny specifically all allegations of fraud and conspiracy, and the answer of Reilly alleges that he is the owner in fee of the whole of said property on Jefferson avenue. Replications were filed to the answers, and witnesses were examined in open court. The circuit judge dismissed the bill, and the case is brought here by appeal.

The proofs do not disclose any collusion or conspiracy to defraud. The record discloses that the mortgage held by the Peninsular Savings Bank was not in fact paid, but was assigned by the bank in December, 1890, to the defendant Reilly, and the mortgage and notes delivered to him. His assignment was not placed upon record until January, 1898. It is the claim of complainants that, finding this mortgage upon the record, they, before bidding in the property, caused an inquiry to be made at the bank, and were informed the mortgage had been paid. It is the claim of the cashier that he informed Mr. Moloney that, so far as the bank was concerned, it had been paid, but his recollection was that he did not say the mortgage itself had been paid. At this time the mortgage remained undischarged of record. Mr. Moloney made no effort to learn whether the notes and mortgage had been delivered to the mortgagor. At the time the conversation occurred between him and the cashier, he was shown the book containing the record of loans of the bank, on which there was the following entry:

"No. 152.

"Loan to Nicholas Savage, of Detroit. [Description of property.] Amount loaned, $7,500, May 26, 1890. December 17, 1890, principal paid, $7,500."

At the time this book was shown, there was upon the records in the office of the register of deeds a deed from Matilda Hill to Nicholas Savage of an undivided one-half of this property, in which it was recited:

"This deed being given subject to a certain mortgage of $7,500 on all of said described property, one-half of

which mortgage the said party of the second part hereby assumes and agrees to pay."

This deed was acknowledged April 27, 1891, and was recorded the same day.

There is no claim there was any other $7,500 mortgage on these premises than the one given by Mr. Savage to the Peninsular Savings Bank; so that at the time Mr. Moloney had his interview with the cashier, in which he claims he was informed this mortgage was paid, the record disclosed, not only that the mortgage was undischarged of record, but it also showed that Mrs. Hill and Mr. Savage both acknowledged the continued existence of this mortgage some months after the entry upon the book of loans, shown to Mr. Moloney by the bank, indicated it had been paid. Taking any possible view of the case, we cannot see how the bill of complaint can be sustained. See *Cook* v. *Foster*, 96 Mich. 615 (55 N. W. 1019); *Wilson* v. *Campbell*, 110 Mich. 589 (68 N. W. 278, 35 L. R. A. 544); *Babcock* v. *Young*, 117 Mich. 155 (75 N. W. 302), and the many cases therein cited.

The decree of the court below is affirmed, with costs.

The other Justices concurred.