J. MILTON KILMER v. M. F. HANNIFAN *et al.,* Appellants.

Mortgages:  MERGER.  Where premises mortgaged by heirs were sold by the administrator for the payment of debts, and pur-
1   chased by the mortgagee, and there was a surplus after the debts were paid, the mortgage did not merge in the fee, when no third person's rights were prejudiced thereby.

*Same.*  Where the lien of a mortgagee purchasing the mortgaged property would not otherwise merge in the fee, the rights of
1   the purchaser of the mortgagor's interest after the mortgage was on record were not prejudiced by such nonmerger as to force the lien to merge, since she took subject to the mortgagee's rights.

*Appeal from Harrison District Court.*—HON. WILLIAM HUTCHINSON, Judge.

WEDNESDAY, FEBRUARY 6, 1901.

ACTION in equity upon a note and mortgage.   From a decree in plaintiff's favor, defendants appeal.—*Affirmed.*

*L. R. Bolter & Sons* for appellant.

*Roadifer & Arthur* for appellee.

WATERMAN, J.—One Cornelius Hannifan, the owner of a half section of land in Harrison county, died intestate in the month of January, 1889, leaving surviving him a

widow and ten children. The widow and two of the children executed to plaintiff the mortgage and note in question; the mortgage by its terms, covering the respective interests of the signers. After the execution of the mortgage the real estate was, by proper proceedings on the part of the adminitrator, sold to pay the debts of Cornelius Hannifan, and plaintiff was the purchaser thereof. There was a surplus after the debts were paid, and it is sought in this action to enforce the mortgage lien againt this surplus. The defendant Luce claims to have purchased the interests of defendants without notice of plaintiff's lien. Some other facts will be given as we proceed, in connection with the issues upon which they have a bearing.

I. It is contended that plaintiff has lost his lien through his purchase of the mortgaged premises. It is a well-settled rule of equity jurisprudence that a purchase by a mortgagee of the mortgaged premises does not merge the mortgage is the legal title, when it is to the interest of the mortgagee that it should be kept alive, if the right of third persons are not thereby prejudiced. *Vanice v. Bergen,* 16 Iowa 556; *Delaware R. Const. Co. v. Davenport & St. P. Ry Co.,* 46 Iowa, 406; *Bank v. Elmore,* 52 Iowa, 541; *Fuller v. Lamar,* 53 Iowa, 477; *Patterson v. Mills,* 69 Iowa, 755; *Gray v. Nelson,* 77 Iowa, 63. The evidence here is that plaintiff intended to keep his mortgage alive; that he tried to use it in payment for the land he purchased. And it is manifest that it was not to his interest either to have his lien merge, or his purchase operate as a payment. We next take up the question as to how far the rights of Luce, who purchased the interests of defendants, will operate to defeat the application of the rule stated. The mortgage was on record when Luce purchased, and; without setting out the testimony, we may say his purchase was made with knowledge of plaintiff's claimed rights thereunder. We do not understand it to be disputed that, if plaintiff is entitled

to a lien, he may enforce it against the surplus in the hands of the administrator.

II.    We have treated the legal questions presented first. The main defense on the facts is that defendants never executed the mortgage on the real estate, that the understanding between them and plaintiff was that the mortgage should cover chattels only, that the instrument was executed in blank, and that plaintiff wrongfully and without their knowledge or consent inserted a description of the real estate.    We are satisfied the trial court found correctly on this branch of the case.    While there was talk at first of a chattel mortgage, the preponderance of the testimony shows that, before the instrument was executed, plaintiff, who was advancing money on the strength of the security, refused to let go puless he was given a mortgage on real estate.    This was assented to by all the defendants, and the instrument then duly executed. The decree of the trial court is correct, and it is AFFIRMED.