THE GERMAN MUTUAL FIRE INSURANCE CO. v. FRANCK.

MUTUAL INSURANCE COMPANY—PREMIUM NOTES—CONTRACTS.—It is competent for a Mutual Fire Insurance Company, organized under the laws of this State, to provide in its articles of association, or by its by-laws, that all premium notes shall be paid in installments as ordered by the directors, after notice, and that if not so paid, the entire notes shall become due and collectable.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—The act for the organization of Mutual Fire Insurance Companies, in this State, contains this section:

"SEC. 45. Every person who shall become a member of such company, shall, before he receives his policy, deposit his

promissory note as a premium note, for such sum as may be agreed upon, on which note he shall pay not less than five per cent. immediately upon its delivery, and the balance of such note shall be payable in part or in whole, when, on any assessment made, the directors shall require the same." 1 G. & H. p. 395.

The law fixes no time or times at which assessments must be made. Assessments are left to the discretion of the directors upon the necessities of the company.

Section 46 of the same act, provides for the investment of the funds that may be on hand from time to time, and section 47 requires a statement of the condition of the treasury and the loss occurring, before an assessment may be made. One clause of the articles of association of the company is this:

"5. If the funds on hand are not sufficient for the payment of the loss, the directors shall lay an assessment on the members in proportion to the amount of their premium notes. The treasurer shall notify the members of each assessment, and it is their duty to pay the same within thirty days after such notice. If any member refuses or neglects to pay such assessment, the directors may bring suit for and collect the whole amount of said premium note, or the directors may cancel the policy of such member, and collect the assessment due up to the time of such assessment. The amount thus collected shall remain in the treasury of the company for the satisfaction of further assessments; but at the expiration of the period for which such negligent member has been insured, he shall be entitled to demand and receive the return of any balance which may be left after the payment of the costs of suit and his share of all losses and expenses."

The following premium note was executed to the company:

"$180.00. In consideration of policy, No. 193, dated the 26th day of *April*, 1860, issued by the German Mutual Fire

Insurance Company of *Indiana*, we promise to pay the said company, or the treasurer thereof, the sum of 180 dollars, either in whole or in part, and at such times as the directors of said company, in accordance with their statutes, may direct, without any relief whatever from valuation or appraisement laws.        . J. P. FRANCK & Co."

An assessment was regularly made of ten per centum, on the premium note, the defendant failed to pay in the required time, and this suit was commenced for the whole amount of the note.

The Court below held that the whole amount could not be recovered because it was not in the power of the corporation to require payment on the premium notes beyond the assessments severally made to meet losses; and this is the only question in the cause.

Blackstone, book 1, p. 476, says, it is a power incidental to a corporation "to make by-laws or private statutes for the better government of the corporation; which are binding upon themselves unless contrary to the laws of the land, and then they are void. This is also included by law in the very act of incorporation; for as natural reason is given to the natural body for the governing of it, so by-laws or statutes are a sort of political reason to govern the body politic. And this right of making by-laws for their own government, not contrary to the law of the land, was allowed by the law of the twelve tables at *Rome*."

Now, it is laid down in Angel and Ames on Corporations, sec. 342, in speaking of corporation by-laws, thus:

"It should be observed, that what may be bad as a by-law, as against common right, may be good as a contract; since a man may part with a common right voluntarily, of which it would be impolitic and unjust to deprive him by a by-law passed without his assent, or, perhaps, knowledge, by those

who might not know or would not consider his individual interests. Hence, it would be found that a by-law may be void as against strangers, or members who do not assent to it, and yet good as a contract between members of the corporation who do assent to it." 13 Mass. 282; 8 Met. 321; 17 Ves. 323.

And in sec. 360, the same authors say:

"A power reserved by by-law to the directors of a Mutual Insurance Company, in case of a non-payment of a call on a premium note, given by a member of the corporation, to require payment of the whole amount of the note to be held for the payment of assessments due and thereafter made, the balance, if any, to be returned to the member after the expiration of his policy, is not a power to impose a forfeiture, and requires no express authorization by charter."

And *Cahill* v. *Kalamazoo Mutual Ins. Co.*, 2 Doug. (Mich.) Rep. 124; and *Beadle* v. *The Chenango &c. Co.*, 3 Hill, (N. Y.) Rep. 164, are cited as in point.

Then, if the item we have copied, in the first part of this opinion, from the articles of association of the appellant Insurance Company, had been a prospective by-law, this case would have furnished an exact parallel to the case from Douglass, *supra*, where such a by-law was held to govern contracts made under it. An individual may stipulate that, if he fails to pay an installment of a debt when due, such failure shall cause other installments to become due.

If such would be the effect of a by-law, existing at the time of making a contract with the company, much more would it be the effect of an item in the articles of association of the corporation itself of which, every person who receives a policy from it, becomes a member. Sec. 44, p. 395, 2 G. & H.

We do not think the provision in the articles of association involved in this case an unreasonable one, nor contrary to the law of the land.

To prevent any misapprehension, we may remark that, we do not hold that, in a case where there was no provision in the articles of association corresponding with that in those of the appellant, nor by-law of like import, at the time the policy was taken out, the company could, by a retroactive by-law or provision in the articles, impose conditions upon policies issued. Corporations can not, as a general proposition, by virtue of their incidental power to create by-laws, enact penalties, or conditions beyond the statutes. See Grant on Corporations, p. 76 *et seq.*, where this point is fully discussed.

The case at bar rests in contract, a contract not forbidden by law to be made.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded.

*Thomas L. Smith* and *Michael C. Kerr*, for the appellant.

*Alexander Dowling*, for the appellees.