Thomas Bromley v. Chauncey M. Lathrop et al.

*Mortgage—Payment—Principal and agent—Estoppel.*

1. Notwithstanding the fact that a mortgagor has no actual knowledge of the transfer of the mortgage, payment of the mortgage will not be good, made to a person not in possession of the securities, unless there is an agency in fact to receive the payment; or such facts as estop the assignee from denying the authority of such person to receive the payment.

2. The fact that the interest on the mortgage has been collected from time to time by such person is not sufficient of itself to justify an inference of authority to receive payment of the mortgage without the surrender of the securities.

3. Two or three years after the execution of a mortgage, the mortgagee formed a copartnership, and the firm continued to carry on the business of loaning money on mortgages. After doing business for a couple of years, the firm, with others, organized a mortgage company, which succeeded to the rights of the firm, and conducted the same character of business in the office formerly occupied by said firm. Seventeen days after the execution of the mortgage, it was assigned by the mortgagee, and, with the note and interest coupons, delivered to the assignee, who thereafter held said securities, and, as the interest coupons matured, presented them at the office occupied by the mortgagee when the mortgage was given, and where it was made payable, which occupancy had been transferred to the firm and by it to the corporation, and received from the mortgagee, the firm, and the mortgage loan company, respectively, the money thereon. About the time the mortgage matured, the mortgagor agreed with the mortgage company for an extension of time, and,

for the purpose of securing the interest, executed interest coupons payable to said company or bearer, and also coupons representing a bonus, payable to said company. The mortgage company then secured the consent of the assignee to said extension of time, and turned over to him the interest coupons, which were paid at the office of the company. Upon the maturity of the mortgage, the mortgagor made a new loan of another party, and paid the old mortgage to the mortgage company, which failed to pay the money to the assignee, and, while it was in his hands, made an assignment. And it is held that, while the case is a hard one, it does not appear that the assignee has been guilty of any act which ought to estop him from relying upon his ownership and possession of the securities, and insisting upon payment.

Appeal from Osceola. (McMahon, J.) Submitted on briefs April 16, 1895. Decided May 28, 1895.

Bill to foreclose a mortgage. Complainant appeals. Decree reversed, and one of foreclosure entered. The facts are stated in the opinion.

*Fedewa & Walbridge* and *William J. Gray*, for complainant.

*Sweet, Perkins & Judkins*, for defendants.

Montgomery, J.   This bill is filed to foreclose a mortgage executed by defendant Lathrop and wife to Samuel S. Walker, and bearing date December 10, 1884. The mortgage was accompanied by a note for $300, being for the principal sum, and 10 interest coupons, of $12 each, representing the semi-annual interest to mature on said note, all of which were payable at the office of said Walker, in St. Johns. Some two or three years after the execution of this mortgage, Walker formed a partnership with one White, the firm being known as Walker & White, and continued to carry on a business similar to the one which had been previously conducted by Walker, namely, loaning money on mortgages. In September, 1889, Walker & White joined with two others

in organizing the Michigan Mortgage Company, Limited, which company succeeded to the rights of Walker & White, and conducted the same character of business in the office formerly occupied by Walker, and subsequently by Walker & White. The mortgage was assigned by Walker to complainant on the 27th of December, 1884, and the note and interest coupons were delivered to complainant at that time. He has ever since held possession of the mortgage and note, and, as the interest coupons matured, he presented them at the office at which they were payable, and received the money thereon from Walker, Walker & White, or the Michigan Mortgage Company. Walker, Walker & White, or the Michigan Mortgage Company wrote the defendant Lathrop, as these coupons matured, apprising him when they were payable, and stating that prompt payment would be required. The complainant, however, knew nothing of these communications. About the time the mortgage matured, the defendant agreed with the Michigan Mortgage Company for an extension of time on the mortgage for three years, and, for the purpose of securing the interest, executed interest coupons payable to the Michigan Mortgage Company or bearer, and also executed coupons representing a bonus of $18, payable to the Michigan Mortgage Company or order. The Michigan Mortgage Company then called upon the complainant, and asked him if he was willing to extend the mortgage for three years, and, upon his replying that he was, turned over to him the interest coupons. He did not know the terms upon which the Michigan Mortgage Company had assumed to grant the extension to the defendant. The interest coupons were paid in the same manner as before, complainant, at their maturity, presenting them at the office of the Michigan Mortgage Company and receiving his money. When the mortgage matured, notice of this fact was sent by the Michigan Mortgage Company to defendant Lathrop, and the amount was raised by giving a new mortgage upon the property to defendant Jud-

kins, and the money was remitted to the Michigan Mortgage Company. It never reached the complainant, but, while in the hands of the Michigan Mortgage Company, an assignment was made, and it is conceded on all hands that the company is wholly insolvent, and the money will be lost either to the complainant or the defendants, and the sole question in the case is upon whom the loss should fall.

Defendant Lathrop had no actual knowledge of the transfer of the mortgage to complainant, but it is conceded by defendants' counsel that, notwithstanding this fact, payment would not be good, made to a person not in possession of the securities, unless there was an agency in fact to receive the payment, or such facts as estop the complainant from denying the authority of the Michigan Mortgage Company to receive the payment. As to the question of agency in fact, we think it is very clear upon the record that the Michigan Mortgage Company did not have actual authority to receive money. There was no express direction to receive it, and no previous dealings of the parties gave rise to an implication of such authority. The payments of the interest coupons, which had been made through the Michigan Mortgage Company, had been made by the Michigan Mortgage Company, and the coupons surrendered. See *Joy v. Vance*, 104 Mich. 97, and case cited.

Was there such a holding out of the Michigan Mortgage Company, either as the owner of the mortgage or as agent to receive payment, as estops the complainant from denying that the payment was made to one authorized to receive it? It is quite apparent from a letter written by defendant under date of September 12, 1893, that he did not suppose the Michigan Mortgage Company was the actual owner of the note. In that letter he wrote, excusing delay, and saying:

"Tell the party holding the mortgage to be as lenient as possible."

The facts which are said to constitute an estoppel consist of the complainant receiving payment of interest through the Michigan Mortgage Company for some eight years, and recognizing the extension of time on the mortgage, made by the Michigan Mortgage Company, and accepting the interest coupons, made payable to the Michigan Mortgage Company, representing the interest to mature on the mortgage. As before stated, the fact that the interest was collected from time to time by the Michigan Mortgage Company was not sufficient to justify an inference of authority to receive payment without the surrender of the securities. We think the complainant had the same right to assume that the defendant was treating the Michigan Mortgage Company as his agent as defendant had to assume that the company represented complainant. The coupons were payable at the office of Walker, subsequently the mortgage company's office, and it was the duty of complainant to seek the money there, as it was the duty of the defendant to provide for the money to make the payment at that place, through some one who had authority to act. We are satisfied from complainant's evidence that he knew nothing of the proposition to extend the time until the Michigan Mortgage Company came to him, proposing either to pay the mortgage or extend it, and giving him the option to do so, and in this transaction the coupons being payable to the Michigan Mortgage Company or bearer was no notice to complainant that the company had assumed authority to represent him in the transaction, nor was that inference any more justifiable than that the mortgagor had placed these securities with the Michigan Mortgage Company, to be used in his behalf if the agreement for extension should be perfected. We think the elements of an estoppel are wanting. The case. is a hard one, in which one of two honest parties must suffer through the rascality of a third, but we are unable to see in what respect the complainant has been guilty of any act which ought to estop him from relying upon

his ownership and possession of the securities, and from insisting upon payment.

The decree will be reversed, and a decree of foreclosure entered in favor of complainant, with costs against the defendant Lathrop.

The other Justices concurred.