580:35 L.R.A

### WILSON *v.* CAMPBELL.

1. MORTGAGES—SECURITY FOR NEGOTIABLE PAPER—PAYMENT.
   The maker of a negotiable note secured by mortgage cannot discharge his liability by payment to one not the holder, or authorized by the holder to receive payment.

2. SAME—AUTHORITY OF AGENT.
   The fact that a mortgagee has been accustomed to send the interest coupons to a mortgage company for collection does not constitute the latter an agent for the collection of the principal debt.

3. SAME—MORTGAGEE AS STOCKHOLDER.
   Nor does the fact that the mortgagee is a stockholder in the company operate to confer upon it any such authority.

4. SAME—NEGOTIABILITY OF INSTRUMENTS—TIME OF PAYMENT.
   The negotiability of a promissory note is not destroyed by a provision therein giving an option to the holder to declare the whole amount due upon default in payment of an installment of interest, nor by a provision in an accompanying mortgage giving a like option in case of nonpayment of taxes by the mortgagor.

5. SAME—CERTAINTY AS TO AMOUNT—PAYMENT OF TAXES.
   A promissory note secured by mortgage is not rendered nonnegotiable by a provision in the latter requiring the mort-

gagor to pay all taxes and assessments upon the mortgaged premises, where the same obligation rested upon him by law at the time the instruments were executed, independent of any such stipulation.

6. SAME—EFFECT OF SUBSEQUENT LEGISLATION.

In such case, legislation subsequently passed, imposing upon the mortgagee the duty of paying a portion of the taxes, will not render a note nonnegotiable which was negotiable when made.[1]

7. RECORDING LAWS — BONA FIDE PURCHASER — ASSIGNMENT OF MORTGAGE.

One who takes an assignment of a mortgage while the records show the existence of a prior mortgage upon the same property to his assignor will be subordinated to the lien of the prior mortgage in case it is in the hands of an assignee, although there is no record of the prior assignment.

Appeal from Grand Traverse; Corbett, J. Submitted April 24, 1896. Decided July 31, 1896.

Bill by Robert H. Wilson against Elizabeth A. Campbell to compel the discharge of a mortgage, and cross-bill by defendant against complainant, Mrs. John F. Nichols, and others, to foreclose the same mortgage. From a decree for complainant on the original bill, and dismissing the cross-bill, defendant Campbell appeals. Reversed.

*Dodge & Covell,* for complainant Wilson and defendant Nichols.

*Lyon & Dooling,* for appellant.

MONTGOMERY, J. The hearing is on a bill filed by the complainant to compel the discharge of a mortgage executed by Freeling H. Potter and wife to defendant, and on a cross-bill filed to foreclose the mortgage. The complainant has succeeded to the title of Potter. The facts

---

[1] In *Fuller* v. *Kane, ante,* 549, it is held that a general agreement to pay taxes does not bind the mortgagor to pay those assessed against the mortgagee's interest under laws subsequently enacted.

are that on January 27, 1886, Potter made his promissory note, payable to Edwin E. White or bearer, for $550, due April 1, 1892, with coupons attached, representing the installments of interest. Principal and interest were made payable at the office of S. S. Walker, St. Johns, Mich. The note contained a provision that, in case of default in the payment of interest continuing for 30 days, the whole principal and interest unpaid should, at the option of the holder of the note, become due. This note was secured by a mortgage with a condition for the payment of the principal and interest of the note, and all taxes and assessments of whatever nature which may be levied upon the described premises as soon and as often as the same may become due and payable. The mortgage contained the following agreement:

"Should any default be made in the payment of the said interest, taxes, assessments, or any part thereof, on any day whereon the same is made payable, as above expressed, and should the same remain unpaid and in arrears for the space of 30 days, then and from thenceforth—that is to say, after the lapse of said 30 days—the aforesaid principal sum of five hundred and fifty dollars, with all arrearages of interest thereon, and all taxes, assessments, and—unpaid, shall, at the option of said obligee, his executors, administrators, or assigns, become and be due and payable immediately thereafter, although the period above limited for the payment thereof may not then have expired, anything hereinbefore contained to the contrary notwithstanding."

The note and mortgage were assigned to the defendant June 14, 1887, and possession of the same delivered to her. She has since retained possession of the securities at her home in Skaneateles, N. Y. At about the date of the maturity of the coupons, the defendant was accustomed to detach the coupons, and send them forward to Walker & White and the Michigan Mortgage Company, Limited, for collection. The assignment of the mortgage to defendant was not recorded until April 13, 1894.

October 3, 1888, Potter and wife sold the mortgaged

premises to the complainant, he taking subject to the mortgage. At about the date of the maturity of the mortgage, complainant, supposing, as he testifies, that the Michigan Mortgage Company, Limited, owned this mortgage, applied for a loan of an additional sum, and negotiations culminated in his executing, under the date of April 1, 1892, a note and mortgage in the sum of $700, payable to the Michigan Mortgage Company, Limited. This mortgage was, on the 27th of April, 1892, assigned to Mrs. John F. Nichols, who is made defendant in the cross-bill.

It appears that the defendant, Mrs. Campbell, became a stockholder in the Michigan Mortgage Company, Limited, in 1891. The court below decreed a discharge of defendant's mortgage, and stated the reasons as follows:

"The course of dealing between Mrs. Campbell and the Michigan Mortgage Company, Limited, in submitting to the company the interest coupon notes for collection as they matured, her neglect to record her assignment until after the execution of the second mortgage of $700, April 1, 1892, and the fact that she was a member and stockholder of the partnership association Michigan Mortgage Company, Limited, at the date of the execution of the said $700 mortgage, estop her from challenging the authority of said company to receive payment on her mortgage, inasmuch as the reception of such payment by said company was an act within the scope of its authority."

Defendant, Mrs. Campbell, appeals.

The original bill asserts, and apparently bases the claim for relief on the statement, that the Michigan Mortgage Company, Limited, was duly appointed by the defendant, Mrs. Campbell, as her duly-authorized agent to receive, accept, and account for any and all moneys received in payment upon said mortgage, either as interest or principal; and avers payment to her agent, the mortgage company, for the defendant. The sworn answer of defendant denies such agency. The bill does

not proceed upon the theory that the complainant was misled by defendant's failure to record the assignment, but, as Mrs. Nichols is brought in to answer the cross-bill, and entitled to be heard, we find it necessary to treat of this question. In *Williams* v. *Keyes*, 90 Mich. 296, we held, following *Dutton* v. *Ives*, 5 Mich. 515, that the holder of a negotiable security is alone the one *prima facie* entitled to receive the payment, and that the maker is not authorized to assume that negotiable paper secured by mortgage has not been transferred. See, also, Jones, Mortg. § 956. However the failure to record the assignment may affect one subsequently deriving title or right through the mortgagee, the maker of a negotiable note secured by a mortgage cannot discharge his liability by payment to one not the holder, or authorized by the holder to receive the payment. We are not able to discover that the defendant ever authorized the Michigan Mortgage Company, Limited, to collect the principal of this note, or to collect more than the interest coupons, on the same being forwarded to it for the purpose. In this respect the case is so similar to others decided by this court that we think it unprofitable to discuss this feature here at length. See *Joy* v. *Vance*, 104 Mich. 97, and cases cited; *Bromley* v. *Lathrop*, 105 Mich. 492; *Trowbridge* v. *Ross*, Id. 598.

We are at a loss to understand how the fact that the defendant is a stockholder in the Michigan Mortgage Company, Limited, affects her right to assert that the officers of the company exceeded their authority in accepting payment of the mortgage. To the extent that she contributed to the stock of the corporation it may be said that she risked her investment, and relied upon the honesty of the managers; but beyond this the company was not her agent by mere force of the fact that she was a stockholder.

If the note and mortgage were negotiable, it follows that the complainant has not made a payment to one either in fact or apparently clothed with authority to

receive it. But it is contended that the note is not nego-
tiable, the ground being that the note gives an option to
declare the whole amount due in case of default in pay-
ment of an installment of interest; and, while the point is
not made, the question suggests itself whether the similar
provision contained in the mortgage; giving a like option
in case of default in payment of taxes, renders the secu-
rity nonnegotiable, and, as this question is discussed
in *Brooke* v. *Struthers,* now pending before us (*ante,*
562), we consider both questions.

In *Littlefield* v. *Hodge,* 6 Mich. 326, it was held that a
note in form negotiable is none the less negotiable when
secured by a mortgage containing provisions not repug-
nant to it. We apprehend the test in such cases is,
are the provisions of the mortgage such as to introduce
uncertainty as to time or amount? What elements of
uncertainty inconsistent with negotiability here exist,
if any? Is there such uncertainty as to time as renders
the note nonnegotiable? It seems to me very clear that
the answer must be in the negative. *Carlon* v. *Kenealy,*
12 Mees. & W. 139; *German Mut. Ins. Co.* v. *Franck,*
22 Ind. 364; *Walker* v. *Woollen,* 54 Ind. 164 (23 Am.
Rep. 639); *Cota* v. *Buck,* 7 Metc. (Mass.) 588 (41 Am.
Dec. 464); *Kiskadden* v. *Allen,* 7 Colo. 206; *Dobbins* v.
*Oberman,* 17 Neb. 163; *Ernst* v. *Steckman,* 74 Pa. St. 13
(15 Am. Rep. 542); *Charlton* v. *Reed,* 61 Iowa, 166;
*Chicago Railway Equipment Co.* v. *Merchants' Nat.
Bank,* 136 U. S. 268; *Cisne* v. *Chidester,* 85 Ill. 523.
In *Carlon* v. *Kenealy* it was determined that a note pay-
able in installments, subject to a condition that, on default
being made in payment of the first installment, the whole
amount shall become due, is assignable within the statute
3 & 4 Anne, chap. 9. Parke, B., in deciding the point,
said: "Almost every note payable by installments has
such a condition. It is not a contingency; it depends on
the act of the maker himself, and on his default it be-
comes a promissory note for the whole amount." In
*Ernst* v. *Steckman* a note payable 12 months after date,

or before, if made out of the sale of Coffman's Improved Broadcast Seeding Machine, was held negotiable. The case of *Walker* v. *Woollen* is to precisely the same effect, as is also the case of *Charlton* v. *Reed*.

In *Dobbins* v. *Oberman* the note read: "On March 1, 1883, for value received, I promise to pay to Anna M. Wilson, or order, four hundred dollars, with interest from this date. This note shall become due immediately upon Anna M. Wilson delivering possession to me of the northwest quarter of section 12," etc. ˙ This instrument was held negotiable, the court finding that it contained a promise to pay to Anna M. Wilson, or order, a sum certain absolutely and at all events; and adding: "It matters not, then, that it also contains a promise to pay sooner than the general date of payment upon the happening of an uncertain event."

In *Chicago Railway Equipment Co.* v. *Merchants' Nat. Bank*, 136 U. S. 268, it was held that a recital that the note in suit was one of a series, and that, in default of payment of any one of the series, the note in suit should become due, did not render the note nonnegotiable, the same containing a promise to pay at a certain definite date, at which it became due at all events. The case contains a review of the authorities and an interesting discussion by Mr. Justice Harlan.

The present case is unlike *Brooks* v. *Hargreaves*, 21 Mich. 254, as in that case the maturity of the note depended upon the volition of a third person not a party to the note. In *Story* v. *Lamb*, 52 Mich. 525, an option was given to the payee to take possession of the property which was the consideration of the note in case of default, or demand payment of the note, the title to the property being retained in the payee. In this respect the case is like *Harkness* v. *Russell*, 118 U. S. 663, which case is distinguished in *Chicago Railway Equipment Co.* v. *Merchants' Nat. Bank*, 136 U. S. 282. In *Second Nat. Bank* v. *Wheeler*, 75 Mich. 546, the payee was given the right to extend the time or renew. *Conrad Seipp Brew-*

*ing Co.* v. *McKittrick,* 86 Mich. 191, follows *Cayuga Co. Nat. Bank* v. *Purdy,* 56 Mich. 6, and must rest upon the view that the introduction into a promissory note of extraneous provisions must render the note nonnegotiable, as in that case there was an absolute promise to pay. Whether this be viewed as a departure or not, such a rule cannot be applied to provisions in a mortgage collateral to a negotiable note. As to the certainty of time required, I think it sufficient if a time be fixed which must inevitably happen. *Mattison* v. *Marks,* 31 Mich. 421 (18 Am. Rep. 197); Daniel, Neg. Inst. §§ 47, 48, 52; *Markey* v. *Corey,* 108 Mich. 184.

There is no uncertainty as to the amount stipulated to be paid. The engagement to pay all taxes and assessments adds nothing to the obligation of the mortgagor. The obligation rests upon him independently of any stipulation on the subject, and his failure to meet the obligation gives the mortgagee the right to discharge the lien for the purpose of preserving his security, and add the amount to the mortgage debt. 2 Jones, Mortg. §§ 1137, 1683; *Connecticut Mut. Life Ins. Co.* v. *Bulte,* 45 Mich. 122. It is a radical mistake, therefore, to consider this an obligation to pay the mortgagee so much in addition as the taxes and assessments amount to. The obligation is, in the first instance, to pay to the public authorities authorized to receive the amount, and it is only by implication, if at all, that the indebtedness is ever to be added to the mortgage.

At the time this mortgage in question was executed there was, under the law, no duty resting upon the mortgagee to pay the tax on any portion of the mortgaged premises, and we think it cannot be said that subsequent legislation which for a time relieved the mortgagor of a portion of the burden, and imposed it upon the mortgagee, should be so construed as to render an instrument nonnegotiable which was, when made, negotiable. As the parties then viewed it, there was no uncertainty as to the amount. The case differs from *Carmody*

v. *Crane, ante,* 508, as in that case the contract itself contemplated that taxes might be imposed on the mortgagee's interest, and provided for their payment by the mortgagor, and this engagement was embodied in the note, bringing the case directly within the rule of *Cayuga Co. Nat. Bank* v. *Purdy,* 56 Mich. 6, and the cases which have followed it, holding that it is incompetent to interpolate into negotiable notes provisions superadding duties to be performed by the maker, or additional obligations other than the payment of a sum certain at maturity. As has been stated above, we do not think this limitation precludes the parties from making provision for the security of the note by a collateral mortgage. The clause in the mortgage is clearly not open to a construction which entitles the mortgagee to foreclose for the amount without himself paying the taxes, although he may, for the mortgagor's default in that regard, declare the whole amount due.

The question of priority between the mortgages of Mrs. Nichols and defendant is also involved. The mortgage of Mrs. Campbell was prior in point of time, and was duly recorded. If Mrs. Nichols is to be given priority, it must be because the record showed this mortgage in Edwin E. White, and because she received an assignment of a mortgage executed by the Michigan Mortgage Company, Limited, which Edwin E. White signed as treasurer. The mortgage company listed the Wilson mortgage and others, and stated that it was good security. The letter accepting this mortgage was as follows: "I think the $700 mortgage, Grand Traverse county, would suit me if all right, and prompt payment of interest; but, of course, I must trust to you and your judgment. I send check at this date." This letter was sent to Mr. White, and in response to it the Wilson mortgage was inclosed her. She undoubtedly assumed that there was no prior incumbrance. Had she examined the record, she would have discovered a mortgage to Mr. White. She must, therefore, be held bound by notice of this. The case is

certainly not stronger for her than it would have been had White become the purchaser of the land, and attempted to convey or incumber the fee. Having constructive knowledge of the existence of this mortgage, Mrs. Nichols was also chargeable in law with the further notice that the mortgage is a lien in the hands of any person to whom it may have been legally transferred, and that the record of such transfer is not necessary to its validity, nor as a protection against the purchaser of the property mortgaged, or any other person than a subsequent purchaser in good faith of the mortgage itself or the note or debt secured by it, but, rather, that one purchasing the premises from the mortgagee would take them subject to the lien of the mortgage, irrespective of the ownership of it, unless the mortgagee was the owner. The knowledge and notice would, in case of a direct purchase from White, have made it her duty, in the exercise of proper diligence, to inquire whether her vendor, the mortgagee, was still the owner of the mortgage; and her omission to do so would have deprived her of the protection of a *bona fide* purchaser. 1 Jones, Mortg. § 474; *Purdy* v. *Huntington*, 42 N. Y. 334 (1 Am. Rep. 532); *Burhans* v. *Hutcheson*, 25 Kan. 625 (37 Am. Rep. 274); *Oregon, etc., Investment Co.* v. *Shaw*, 5 Sawy. 336. See, also, *Haescig* v. *Brown*, 34 Mich. 503; *Fletcher* v. *Carpenter*, 37 Mich. 412.[1]

The decree of the court below will be reversed, and the mortgage of Mrs. Campbell be declared a subsisting claim against the maker of the note, and a lien upon the realty, entitled to priority over the mortgage of Mrs. Nichols. Appellant will recover costs in both courts, limited, however, to costs in a single suit.

MOORE, J., concurred with MONTGOMERY, J.

GRANT and HOOKER, JJ. We concur in the above

---

[1] As bearing upon this question, see, also, *Pritchard* v. *Kalamazoo College*, 82 Mich. 587; *Cook* v. *Foster*, 96 Mich. 610; *Gibbs* v. *Johnson*, 104 Mich. 120.

opinion because it is ruled by the case of *Brooke* v. *Struthers, ante,* 562.

LONG, C. J., did not sit.