TERRY *v.* DURAND LAND CO.

| 112 | 665 |
| 118 | 147 |
| 112 | 665 |
| 145 | 147 |

1. MORTGAGES—AUTHORITY TO COLLECT.
   A letter from a mortgagee's agent, directing a firm that has looked after the collection of the interest upon the mortgage to call in the loan, or foreclose, if certain interest moneys are not paid at once, does not, where the interest is promptly paid, authorize a mortgage company subsequently incorporated, and controlled by the individuals who composed the firm, to receive payment of the principal.

2. SAME—ASSIGNMENT—WANT OF CONSIDERATION.
   A grantee who assumes a mortgage upon the property conveyed cannot set up against an assignee of the mortgage that the assignment was without consideration.

3. SAME—FRAUD—ESTOPPEL.
   An assignee of a mortgage is not estopped to foreclose by the act of his agent in withholding the assignment from record for the purpose of escaping taxation.

Appeal from Shiawassee; Smith, J. Submitted January 15, 1897. Decided May 25, 1897.

Bill by Katherine W. Terry against the Durand Land Company and others to foreclose a mortgage. From a decree for complainant, defendants appeal. Affirmed.

*John H. Bissell,* for complainant.

*Will H. Brunson* (*Fedewa & Walbridge,* of counsel), for defendants.

LONG, C. J. This bill was filed to foreclose a mortgage given by Charles C. De Camp and wife to Walker & White, of St. Johns, for $3,000, due in three years, with interest at 7 per cent., payable semi-annually, and covering property in Durand, Shiawassee county. The mortgage was made May 12, 1888. On October 16, 1888, Walker & White assigned it to Anita M. McDermott, of

Morristown, N. J., who on October 25th following, by her attorney in fact, Frederick T. Sibley, assigned it to the complainant in this case. June 11, 1888, De Camp and wife conveyed the premises covered by the mortgage to the Durand Land Company. This deed contains a covenant by which the grantee assumed and agreed to pay the mortgage. At this time Walker & White were doing business at St. Johns, Clinton county, consisting principally of loaning money for other parties, taking mortgages, and conducting a general real-estate business. Some time thereafter they organized what was known as the Michigan Mortgage Company, Limited, the business being carried on by Walker and White. The power of attorney from Anita M. McDermott to Mr. Sibley, under which he acted in transferring the mortgage to the complainant, is shown in this record. After the mortgage was assigned to her, the interest was paid thereon through Mr. Sibley, the payments being made for the mortgagors by the Michigan Mortgage Company. Certain parcels of land were from time to time released from the lien of the mortgage as the Durand Land Company made sales.

It is contended upon the part of the defendants that this mortgage was paid in the following manner: That on July 8, 1892, a note and mortgage were executed by the president and secretary of the Durand Land Company for $3,500, running to the Michigan Mortgage Company as mortgagee; that $3,000 of these moneys were credited on the books of the Michigan Mortgage Company to Frederick T. Sibley, and the moneys so received were paid by the Durand Land Company to the Michigan Mortgage Company for the purpose of paying off and discharging complainant's mortgage; that Frederick T. Sibley and John H. Bissell, of Detroit, attorneys at law, have been for the last 15 years the agents of Anita M. McDermott and the complainant, and had full authority to do anything with all the mortgages and notes belonging to them that each of said parties could have done, respectively; that the Michigan Mortgage Company, Limited,

ever since its organization, has been the general agent of Sibley & Bissell, with full power to receive payment of principal and interest of all notes and mortgages belonging to the clients or principals of Sibley & Bissell, or to them individually, to reinvest the moneys, and to act generally as their agents, respectively, in all matters pertaining to such notes and mortgages, as well as to the notes and mortgages belonging to said Sibley & Bissell individually; that said Michigan Mortgage Company had collected the interest and principal on scores of mortgages for said Sibley & Bissell, and reinvested the money, and that all mortgages taken by said Michigan Mortgage Company similar to the one in question, and sold by it to others, were handled by it as agent of the owners, with full power to collect both principal and interest and receipt for the same, and that said Michigan Mortgage Company had for many years frequently invested money in mortgages for Sibley & Bissell and for their clients, including the complainant and Anita M. McDermott; that these facts were well known to the Durand Land Company, its stockholders and officers, and they believed and understood that said Michigan Mortgage Company had full power to collect and receipt for moneys on this mortgage, and that this belief was brought about by the acts and conduct of Sibley & Bissell, Anita M. McDermott, and complainant, as well as by the acts of all the owners of mortgages made payable at the office of said Michigan Mortgage Company, or at the office of Walker & White.

The moneys were never paid by the Michigan Mortgage Company to Sibley or to the complainant, and the Michigan Mortgage Company thereafter failed. On the hearing in the court below a decree was rendered in favor of complainant, ordering a sale of the mortgaged premises for the payment of the amount due. From this decree, defendants appeal.

There is no express authority shown in this record to the Michigan Mortgage Company, Limited, to collect

and receive the principal upon this mortgage. The evidence is made up largely of letters passing between the parties. The only letter which refers to the collection of the principal due upon this mortgage is one from Mr. Sibley, dated August 14, 1889. That letter was addressed to Walker & White, and not to the Michigan Mortgage Company, and was written before the latter's organization. In it Mr. Sibley said: "Unless the Charles De-Camp interest is paid instanter, you may call in the loan or foreclose. The interest was due May 12, 1889, and should have been paid without delay." It appears that that interest was paid, and the loan was not called in. From that time forward, interest was paid to June, 1892, and no further direction was ever given to collect this mortgage. We think this record is entirely barren of evidence showing that the Michigan Mortgage Company, Limited, was authorized to collect the mortgage in suit. There was no specific authorization, and we are unable to say that such facts are shown as would establish a general agency. The question is governed by *Joy* v. *Vance*, 104 Mich. 97; *Bromley* v. *Lathrop*, 105 Mich. 492; *Trowbridge* v. *Ross*, Id. 598.

It is averred in the answer that the assignments of this mortgage from Walker & White to Anita M. McDermott, and from her to complainant, are absolutely void, as against public policy and for want of consideration, for the reason that they were made, and the latter one kept off the record, for the purpose of defrauding the government of its taxes on the mortgage, and that no taxes were paid on the same by the complainant. We think, however, that the assignments were made for a valuable consideration, and the defendants are not in a position to raise the question of want of consideration. The Durand Land Company, in taking its deed, assumed to pay the mortgage. The grantee who assumes and agrees to pay a mortgage waives all defenses except payment. *Crawford* v. *Edwards*, 33 Mich. 354, and cases there cited.

The question whether the leaving of the last assignment off the record made void both assignments, and estops the complainant from foreclosure of her mortgage, is discussed at considerable length by counsel for defendants. The facts shown cannot have the effect upon complainant's rights contended for.  The complainant herself is not charged or shown to have kept the assignment off the record for this purpose; but the charge is made that Sibley, her agent, in withholding the assignment from the record, did so with intent that no taxes should be charged against it.  This precise question was before the courts in *Nichols* v. *Machine Co.*, 27 Hun, 200; and it was held by that court that such act did not make the bond and mortgage void, and that it would be no defense for the defendant to show that the principal motive of the complainant was to loan his money in a way to escape taxation.  This case was finally determined in the court of appeals (97 N. Y. 650), and the judgment below affirmed, all the judges concurring.

The decree below must be affirmed.

The other Justices concurred.