## COX v. CAYAN.

1. MORTGAGES — NEGOTIABLE PAPER — TIME OF PAYMENT.
    A provision in a note, or in a mortgage securing the same, giving the holder an option to declare it due upon failure to pay any installment of interest, or the taxes upon the mortgaged land, does not destroy its negotiability. *Wilson* v. *Campbell,* 110 Mich. 580, followed.

2. SAME—ASSIGNMENT—NOTICE—HUSBAND AND WIFE.
    Where property is deeded to a wife at the instance of her husband, who signs with her the notes for the purchase price, secured by a purchase-money mortgage, makes payments thereon, and transacts all business pertaining thereto, notice to the husband of an assignment of the mortgage is notice to the wife.

Appeal from Muskegon; Russell, J. Submitted June 17, 1898. Decided July 12, 1898.

Bill by Richard S. Cox against Beate Cayan and William

Cayan to foreclose a mortgage.    From a decree for complainant, defendants appeal.    Affirmed.

*Smith, Nims, Hoyt & Erwin,* for complainant.

*Turner & Turner,* for defendants.

HOOKER, J.    In 1885, Mason deeded the property involved in this suit to Beate Cayan, at the instance of her husband, William Cayan, and they gave Mason their notes, secured by a mortgage upon the premises, for a portion of the purchase price.    In 1891 four new notes, for $350 each, and a new mortgage, were given to take the place of the old.    They were dated September 1, 1891, and the notes were payable in two, three, four, and five years, respectively, with interest at 7 per cent.    Notes were also given for the interest.    Under the decision in the case of *Wilson* v. *Campbell,* 110 Mich. 580, these were negotiable instruments.    On November 10, 1891, Mason delivered the notes and mortgage to the complainant as collateral security for a note of his own for $2,000, accompanying them by an unconditional assignment of the notes and mortgage.    In July, 1894, Mason took up his $2,000 note, paying in part therefor with the notes and mortgage already pledged as collateral.    At this time the assignment was placed on record.    There was evidence tending to show, and the circuit judge found, that notice was given to William Cayan, in 1891, of the assignment of this mortgage.    The two notes first falling due were paid or adjusted between Mason and Cox in 1897.    Mason testifies that he charged Cayan with the amount.    Cayan paid the interest on the three notes last falling due to Mason and his bookkeeper until 1894, when, according to his testimony, he first received notice from Cox that he was the owner.    Subsequently he paid some interest at the bank, taking up the coupons or interest notes.    This suit is a foreclosure.

The defendants claim that, at the time the first mortgage was given, it was agreed orally between Mason and Cayan

that the latter should pay the interest in money, and that the principal might be paid in clothes and tailor work, and that this was renewed when the second mortgage was given. Cayan testifies that he was conducting the clothing business for his wife, and it is obvious that he transacted all of the business pertaining to the mortgage. The circuit judge granted a decree as prayed, and the defendants have appealed.

Counsel for the defendants contend—*First*, that the notes were not negotiable, and therefore complainant took the notes subject to the equities existing between the defendants and Mason; *second*, that Mrs. Cayan never had notice that the complainant owned the mortgage, and that notice to her husband did not bind her, as he was her agent only for the purpose of paying the notes. We have already said that the mortgage and notes were negotiable, and we agree with the learned circuit judge that the evidence shows that notice of the assignment to the complainant was given to Mr. Cayan in 1891, and that his agency was such that it was equivalent to notice to his wife. *Leland* v. *Collver*, 34 Mich. 418, 427.

The decree is affirmed, with costs.

The other Justices concurred.