AMERICAN TRUST CO. *v.* MICHIGAN TRUST CO.

1. MORTGAGES—MORTGAGING RENTS, ISSUES, ETC.—STATUTES.

Provision in mortgage executed prior to effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499), mortgaging rents, issues, income, and profits was void at time it was made.

2. CONTRACTS—CONTRACT IN VIOLATION OF STATUTE VOID.

Generally, contract made in violation of statute is void, and when plaintiff cannot establish his cause of action without relying on illegal contract, he may not recover.

3. MORTGAGES—WHO ENTITLED TO RENTS, ISSUES, ETC., PENDING FORECLOSURE.

Where second mortgage was foreclosed, and second mortgagee became absolute owner subject to first mortgage, second mortgagee stands in place of mortgagor and is entitled to rents, issues, income, and profits pending foreclosure of first mortgage and until expiration of equity of redemption after sale.

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted October 19, 1932. (Docket No. 146, Calendar No. 36,631.) Decided June 5, 1933.

Bill by American Trust Company, a Michigan corporation, trustee, and another against the Michigan Trust Company, a Michigan corporation, to foreclose a trust mortgage. On petition of defendant for an accounting as to rents and profits. Decree for defendant. Plaintiffs appeal. Affirmed.

*Race, Haass & Allen* (*U. Grant Race* and *Harry Allen,* of counsel), for plaintiffs.

*Warner, Norcross & Judd* and *Clark, Klein, Ferris & Cook,* for defendant.

POTTER, J. Prior to July 2, 1925, Detroit-Cleveland Warehouse & Realty Company mortgaged a large amount of real estate, the buildings thereon and appurtenances thereto, together with ''all rents, issues, income and profits thereof'' to plaintiffs to secure a bond issue of $1,400,000 6½ per cent. 10-year gold bonds, of which $537,800 were retired, leaving $862,200 outstanding at the time foreclosure of the mortgage given to secure the same was commenced. At the same time, Detroit-Cleveland Warehouse & Realty Company mortgaged to the Michigan Trust Company the same property by mortgage subject to the first mortgage, above mentioned, to secure a payment of $750,000 7 per cent. 10-year gold notes. Default was made in the second mortgage, and the Michigan Trust Company foreclosed the same, sale was had, and title became absolute in the Michigan Trust Company, purchaser at the mortgage foreclosure sale, March 10, 1931. The Michigan Trust Company then demanded the rents, issues, income, and profits from the property mortgaged. This demand was refused by plaintiffs, and the Michigan Trust Company filed a petition in the suit to foreclose the first mortgage, for an order directing plaintiffs to pay over to it all the rents, issues, income, and profits from the mortgaged property. From a decree for defendant, the Michigan Trust Company, plaintiffs appeal.

The facts were agreed upon and embodied in the decree of the trial court, leaving the sole question to be determined the right of the Michigan Trust Company, owner of the mortgaged premises by reason of its purchase on the foreclosure sale of the second mortgage, to the rents, issues, income, and profits of the mortgaged premises and property during the pendency of the foreclosure proceedings involved in

this case. Plaintiffs claim the second or junior mortgagee accepted such mortgage subject to the first or prior mortgage, here sought to be foreclosed, and said second mortgage being by its terms subject to the first mortgage, the defendant, the Michigan Trust Company, assented to the validity of the first mortgage, is estopped from questioning its terms or validity, and, its title being based upon the foreclosure of the second mortgage and sale of the premises and property, it may not question now the validity of the prior mortgage in so far as it purports to mortgage all rents, issues, income, and profits. Both mortgages were made and executed prior to the effective date of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). Defendant claims it is the owner of the premises by reason of the foreclosure of the second mortgage and the purchase thereof at mortgage foreclosure sale, and as such is entitled to the rents, issues, income, and profits of real estate and property mortgaged during foreclosure and until the title on the foreclosure of the first mortgage becomes absolute upon the expiration of the equity of redemption. The provision mortgaging the rents, issues, income, and profits was void at the time it was made.

The contract was in violation of Act No. 62, Laws of 1843, 3 Comp. Laws 1929, § 14956. A contract made in violation of a statute is void and unenforceable. When plaintiff cannot establish its cause of action without relying upon an illegal contract, it cannot recover. The contract was of no force, effect, or efficacy. It was invalid, null, and void. Webster's Dictionary; Century Dictionary; Bouvier's Law Dictionary (Rawle's 3d Rev.), p. 3406; 33 C. J. p. 805; *Hood* v. *Perry,* 75 Ga. 310; *Rich* v. *City of Chicago,* 187 Ill. 396 (58 N. E. 306); *State, ex rel.*

*MacKenzie,* v. *Casteel,* 110 Ind. 174 (11 N. E. 219);
*In re Thomas,* 199 Fed. 214; *Jones* v. *Bank of Cumming,* 131 Ga. 614 (63 S. E. 36); *Wiener* v. *Zweib,*
105 Tex. 262, 281 (141 S. W. 771, 147 S. W. 867);
*Mutual Benefit Life Ins. Co.* v. *Winne,* 20 Mont. 20
(49 Pac. 446).

"The general rule of law is, that a contract made
in violation of a statute is void; and that when a
plaintiff cannot establish his cause of action without
relying upon an illegal contract, he cannot recover."
*Miller* v. *Ammon,* 145 U. S. 421 (12 Sup. Ct. 884),
citing, Pollock's Principles of Contracts, pp. 253 to
260; *Penn* v. *Bornman,* 102 Ill. 523; *Alexander* v.
*O'Donnell,* 12 Kan. 608; *Gunter* v. *Leckey,* 30 Ala.
591; *Kennedy* v. *Cochrane,* 65 Maine, 594; *Bank of
the United States* v. *Owens,* 2 Pet. (27 U. S.) 527;
*Pangborn* v. *Westlake,* 36 Iowa, 546; *Harris* v. *Runnels,* 12 How. (53 U. S.) 79.

Maintaining ejectment in violation of Act No. 62,
Laws of 1843, 3 Comp. Laws 1929, § 14956, is prohibited. Doing an act prohibited by statute, no penalty for the violation of which is imposed either in
the same section or in any other section, constitutes
a misdemeanor. 3 Comp. Laws 1929, § 16588.

Defendant, as owner of the property mortgaged,
stands in position of the mortgagor. It is entitled
to the rents, issues, income, and profits during the
pendency of foreclosure of the first mortgage and
until the expiration of the equity of redemption after
sale. The rule in this State has been settled since
the enactment of Act No. 62, Laws of 1843; Revised
Statutes 1846, chap. 108, § 61; 3 Comp. Laws 1929,
§ 14956; *Baker* v. *Pierson,* 5 Mich. 456; *Humphrey*
v. *Hurd,* 29 Mich. 44; *Newton* v. *McKay,* 30 Mich.
380; *Wagar* v. *Stone,* 36 Mich. 364; *Hazeltine* v.
*Granger,* 44 Mich. 503; *Fifth Nat'l Bank* v. *Pierce,*

117 Mich. 376; *Union Guardian Trust Co.* v. *Rau,* 255 Mich. 324; *Union Trust Co.* v. *Chàrlotte General Electric Co.,* 152 Mich. 568; *Janower* v. *J. M. Sibley Co.,* 245 Mich. 571; *Nusbaum* v. *Shapero,* 249 Mich. 252.

Decree of the trial court affirmed, with costs.

McDONALD, C. J., and SHARPE, J., concurred with POTTER, J.

CLARK, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred in the result.