MICHIGAN WINERIES, INC. v JOHNSON

1. MORTGAGES—REAL PROPERTY—ASSUMPTION OF MORTGAGE—DE-
FENSES OF GRANTEE—LACK OF CAPACITY—MUTUAL MISTAKE—
LACK OF CONSIDERATION—USURY.

A grantee of property who has assumed an existing mortgage on
the property may not, as a general rule, avail himself of any
defenses that the mortgagor may have, including lack of capac-
ity to enter into a binding contract, mutual mistake, lack of
consideration and usury.

2. MORTGAGES—REAL PROPERTY—ASSUMPTION OF MORTGAGE—DE-
FENSES OF GRANTEE—ILLEGALITY.

A grantee of property who has assumed an existing mortgage on
the property may not assert the illegality of the mortgage
agreement as a defense in a suit by the mortgagee for the
unpaid debt.

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted January 13, 1976, at Detroit. (Docket No.
24023.) Decided March 25, 1976.

Complaint by Michigan Wineries, Inc., against
Loretta O. Johnson and Detroit Beverage Corpora-
tion to recover an unpaid debt secured by a mort-
gage. Summary judgment for Michigan Wineries
against Detroit Beverage. Detroit Beverage ap-
peals. Affirmed.

*Dee Edwards,* for plaintiff.

*Kenney, Kenney, Chapman & Prather* (by *John
A. Cook),* for Detroit Beverage Corporation.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 55 Am Jur 2d, Mortgages § 1063 *et seq.*

Before: BRONSON, P. J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. We are called upon to decide a single question on appeal:

*Should a buyer who assumes a mortgage be allowed to assert the illegality of the original mortgage agreement?*

We answer that question in the negative, and affirm the trial court.

Plaintiff brought suit against defendant Loretta Johnson and defendant-appellant Detroit Beverage Corporation, alleging that both parties had defaulted on a mortgage obligation owed to plaintiff. The trial judge granted plaintiff's motion for summary judgment against Detroit Beverage pursuant to GCR 1963, 117.2(2), for failure to state a valid defense, and that defendant appeals here.

On March 5, 1963, Loretta Johnson made and delivered to plaintiff a mortgage on certain property in the City of Detroit as security for repayment of a debt owed to plaintiff. By the terms of the mortgage agreement, sale of the mortgaged property would not affect Loretta Johnson's liability pursuant to the mortgage or the underlying debt. On May 31, 1967, the property was sold to defendant Detroit Beverage. As part of the transaction, Detroit Beverage expressly agreed to assume and pay the mortgage. Defendant-appellant did in fact pay on the mortgage until February 5, 1973, but made no payments subsequent to that date.

Plaintiff brought suit for the entire unpaid indebtedness, claiming that it could invoke an acceleration clause in the mortgage agreement upon default of the defendants. Detroit Beverage admitted that it had assumed the mortgage, but asserted

as an affirmative defense the illegality of the original mortgage. Defendant-appellant alleged that the debt and mortgage were void and unenforceable because the underlying consideration given by plaintiff consisted of the granting of credit in the sale of alcoholic beverages, contrary to MCLA 436.16; MSA 18.987.[1] The trial judge did not decide if the transaction was in fact illegal under that statute. Instead, he granted plaintiff's motion for summary judgment on grounds that Detroit Beverage was estopped from questioning the validity of the mortgage it had assumed.

The general rule followed in most jurisdictions is that a grantee who has assumed a specific mortgage cannot avail himself of any defenses the mortgagor may have. See, Osborne, Mortgages (2d ed, 1970), § 267, pp 530–531. The rationale for the rule is that to allow the grantee to assert those defenses would unjustly enrich the grantee by enabling him to get the property for an amount less than he had agreed to in effect pay for it. That reasoning was stated in *Crawford v Edwards,* 33 Mich 354, 359–360 (1876), as follows:

"Here, however, he expressly assumes and agrees to pay the mortgage, and that irrespective of the value of the land covered by the mortgage. The amount of the mortgage is deducted from the consideration which he otherwise has assumed to pay for the land. That amount he has retained in his hands for that express purpose. His grantor, whose duty it was to pay, might have insisted upon payment to him of the entire consideration, and paid it himself. By permitting his grantee to deduct this amount from the consideration and re-

---

[1] In the affirmative defense, Detroit Beverage also pleaded lack of consideration because the credit sale was actually made to Loretta Johnson's husband. Appellant therefore argued that the party executing the mortgage had received no consideration for doing so. We need not discuss that issue, however, as it has been abandoned. In its arguments opposing summary judgment and on appeal, Detroit Beverage has raised only the illegality issue and has not pursued the lack of consideration defense.

tain it, he has thereby rendered himself less able to meet the obligation, thereby reducing the mortgagee's personal security, but has at the same time to a corresponding amount aided the other to meet it.

"Why then should not the grantee be held personally responsible to the mortgagee for the amount which he has thus assumed and agreed to pay? It is no injustice to the grantee to require him to pay it, because he has been permitted to deduct and retain that amount from the agreed consideration and value of the land. The consideration he agreed to pay at the time he made the purchase, should be paid by him at the time and in the manner agreed upon, and there is nothing inequitable in requiring him so to do."

Michigan has applied that rule to defenses of lack of capacity to enter into a binding contract, *Comstock v Smith,* 26 Mich 306, 320 (1873), mutual mistake, *Crawford v Edwards, supra,* at 363, lack of consideration, *Terry v Durand Land Co,* 112 Mich 665, 668; 71 NW 525 (1897), and usury, *Central Holding Co v Bushman,* 238 Mich 261, 266–268; 213 NW 120 (1927).[2] Thus, we are compelled to follow that clear line of authority, and we affirm the decision below.

We are not entirely satisfied with the result we must reach, for the original mortgagee receives a windfall instead of the assuming buyer under this rule. That party is able to enforce an obligation which may be contrary to the public policy of this state merely because the party from whom the obligation was extracted has transferred his secured property. In light of the clear precedent cited above, however, any such new rule must be fashioned by our Supreme Court.

Affirmed, costs of this appeal to plaintiff.

---

[2] Michigan has also followed the general view that a second mortgagee who takes his mortgage subject to a prior one can set up defenses available to the mortgagor. *See, American Trust Co v Michigan Trust Co,* 263 Mich 337; 248 NW 829 (1933) (majority concurring in result only), and Osborne, Mortgages (2d ed, 1970), § 267, pp 532–533.