MICHIGAN WINERIES, INC v JOHNSON

Docket No. 58966. Argued December 7, 1977 (Calendar No. 6).—Decided February 27, 1978.

Michigan Wineries, Inc., brought an action against Loretta O. Johnson and her successor, Detroit Beverage Corporation, to recover an unpaid debt secured by a mortgage. Defendant Detroit Beverage answered that the underlying consideration for the debt and mortgage, which it had assumed under a deed to the mortgaged premises executed by Mrs. Johnson, consisted of the sale to Mrs. Johnson's husband of alcoholic beverages on credit in violation of the Liquor Control Act. The Wayne Circuit Court, Theodore R. Bohn, J., granted summary judgment for the plaintiff against defendant Detroit Beverage. The Court of Appeals, Bronson, P. J., and R. B. Burns and D. E. Holbrook, Jr., JJ., affirmed per curiam (Docket No. 24023). Defendant Detroit Beverage appeals. *Held:*

A party who assumes a mortgage may not dispute its validity. The situation in which the defendant has assumed the obligation to pay a mortgage is one of those circumstances in which the defense of illegality should not be available.

Affirmed.

68 Mich App 310; 242 NW2d 568 (1976) affirmed.

*Downs & Pirich* for plaintiff.

*Kenney, Chapman, Cook, Pringle, DeAgostino & Miller, P. C.* (by *John A. Cook* and *Thomas G. Schluentz),* for defendant Detroit Beverage Corporation.

Per Curiam. In this appeal we are faced with the question of which of two established principles governs the right of a party that has assumed a mortgage to raise defenses contesting the validity of the mortgage.

Defendant Loretta O. Johnson executed and de-

livered a mortgage to plaintiff-appellee Michigan Wineries, Inc., on March 5, 1963. The mortgage was in the amount of $82,000 at 3% interest with payments of $500 per month. Then on May 31, 1967, defendant Johnson deeded the mortgaged premises to defendant-appellant Detroit Beverage Corporation. The deed was expressly subject to the mortgage to Michigan Wineries. Detroit Beverage assumed the mortgage and made the required payments through February 5, 1973.

Michigan Wineries commenced this action to collect the balance owing of $41,483.77 on January 25, 1974. Detroit Beverage answered that the debt and mortgage were void and unenforceable because the underlying consideration given by Michigan Wineries to Harold J. Johnson, Loretta's husband, consisted of the sale of alcoholic beverages on credit in violation of the Liquor Control Act, MCLA 436.16; MSA 18.987.

Michigan Wineries then moved for summary judgment on the ground that Detroit Beverage had failed to state a valid defense to the claim. The trial court granted this motion in an opinion dated February 25, 1975 and entered a judgment in the amount of $47,130.32 against Detroit Beverage Corporation on April 10, 1975. The Court of Appeals affirmed on March 25, 1976. 68 Mich App 310; 242 NW2d 568 (1976). We granted leave to appeal.

The issue contested in the trial court and the Court of Appeals, and the issue raised before this Court, is whether a party that has assumed the obligation of a mortgage may assert in defense that there is some illegality connected with the underlying transaction making the mortgage void. Detroit Beverage argues that this defense should be available relying upon the well-established prin-

ciple that the courts will not enforce contracts made in violation of law. See, *e.g., Kukla v Perry,* 361 Mich 311; 105 NW2d 176 (1960). This principle has been applied to contracts made in violation of the Liquor Control Act. See *Auto City Brewing Co v Gruich,* 301 Mich 320; 3 NW2d 290 (1942), *Turner v Schmidt Brewing Co,* 278 Mich 464; 270 NW 750 (1936).

Both the trial court and Court of Appeals relied upon the well-established principle that a party who assumes a mortgage may not dispute its validity. See, generally, 55 Am Jur 2d, Mortgages, § 1042; 2 Jones on Mortgages (8th ed), § 928. This Court has consistently followed this rule. See, *e.g., Terry v Durand Land Co,* 112 Mich 665; 71 NW 525 (1897), *Crawford v Edwards,* 33 Mich 354 (1876).

We conclude that the situation in which the defendant has assumed the obligation to pay a mortgage is one of those circumstances in which the defense of illegality should not be available and therefore affirm the decision of the Court of Appeals. Costs to plaintiff.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY JR., JJ., concurred.